**K & I TRANSFER & STORAGE, INC. and City Cartage and Moving, Inc., Petitioners,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 86–1006.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 10, 1986.

Decided Nov. 12, 1986.

As Corrected Nov. 18, 1986.

William Michael Schiff, Kahn, Dees Donovan & Kahn, Evansville, Ind., for petitioners.

Lawrence E. Blatnik, N.L.R.B., for respondent.

Before COFFEY, RIPPLE, Circuit Judges, and CAMPBELL, Senior District Judge.[*]

RIPPLE, Circuit Judge.

This case is a petition for review of a National Labor Relations Board (NLRB or Board) order denying the application of K & I Transfer & Storage and City Cartage and Moving for fees and expenses under the Equal Access to Justice Act (EAJA).[1] The NLRB found that the position taken by its General Counsel in the proceedings underlying the fee application was substantially justified. For the reasons set forth below, we remand for further proceedings.

## I

Respondents K & I Transfer and City Cartage transport freight in interstate commerce. They share a facility in Evansville, Indiana, "administer a common labor policy affecting the employees working at that locale[,] interchange personnel and utilize common supervision." R. 1 at 2. They were found to be joint employers of the employees at the Evansville facility. We shall refer to them collectively as "the Company."

On August 5, 1982, the Chauffeurs, Teamsters and Helpers Local Union No. 215 a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (the Union) filed a representation petition seeking certification as the exclusive bargaining representative of the employees of the Company. The NLRB held a hearing to determine the appropriate bargaining unit. The Regional Director of the NLRB issued a decision and direction of election. An election was held on October 7, 1982. Nine employees voted for Union representation; ten voted against. The Union challenged three of the ballots cast, a number great enough to affect the outcome of the election. The Union objected to Company conduct that it claimed affected the election results. The Union also raised unfair labor practice charges against the Company. The conduct that formed the basis of the unfair labor practice charges filed by the Union was essentially the same conduct that formed the basis of the Union's election objections.

The General Counsel of the NLRB issued a complaint against the Company alleging several violations of the National Labor

[*] The Honorable William J. Campbell of the Northern District of Illinois, sitting by designation.

1. As stated in *Berman v. Schweiker*, 713 F.2d 1290, 1295 (7th Cir.1983):

The EAJA is codified in two sections of the Code: 5 U.S.C. § 504 and 28 U.S.C. § 2412. Section 2412 sets forth the general rule regarding the liability of the federal government for fees and costs. Section 504 provides for an agency's liability for fees and costs arising from an adversary agency adjudication (citations omitted).

Only section 504 applies in this case. 5 U.S.C. § 504(a)(1) (Supp. III 1985) provides:

An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust. Whether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought.

This is the current version of § 504(a)(1) which became effective on August 5, 1985. To the extent it is pertinent to the resolution of this case, the issue of the retroactivity of this statute is discussed in the text.

Relations Act. First, the complaint alleged that the Company violated section 8(a)(1) of the Act, 29 U.S.C. section 158(a)(1),[2] by threatening to close down if the employees unionized and by interrogating employees regarding their pro-Union activities. The complaint also alleged that the Company violated section 8(a)(1) and (3), 29 U.S.C. section 158(a)(1), (3),[3] by laying off employee Darrel Healy for his pro-Union activity and by implementing a wage increase to discourage Union support. Finally, the complaint alleged that the Company violated section 8(a)(1) and (5), 29 U.S.C. section 158(a)(1), (5),[4] by refusing to recognize and bargain with the Union.

The Regional Director ordered that the representation case be consolidated with the unfair labor practice case and scheduled a hearing for February 14, 1983. The hearing was rescheduled for April 18, 1983 because of inclement weather. At the beginning of the hearing on April 18, the General Counsel moved to amend the complaint by adding an allegation that the Company had unlawfully interrogated employees through its counsel. The administrative law judge granted this motion and allowed a continuance to the Company so that it could respond to this additional allegation. The Company then filed with the Board a request for special permission to appeal the granting of the General Counsel's motion to amend. While this request was pending, the General Counsel moved to withdraw the amendment. The administrative law judge granted this motion. The hearing was resumed on July 19 and continued through July 21.

The administrative law judge held in favor of the Company on every allegation of the complaint. The General Counsel presented testimony from two employees and one former employee of the Company. The administrative law judge explained that his findings and conclusions were based largely on the fact that he chose to credit the explanations offered by the Company's witnesses rather than those offered by the General Counsel's witnesses. The NLRB filed no exceptions to this decision, and on October 17, 1984, the NLRB issued an order adopting the administrative law judge's decision and dismissing the complaint.

On November 14, 1984, the Company filed an application for an award of fees and expenses under the EAJA and section 102.143 of the Board's Rules and Regulations. It claimed $20,569.72 in attorneys' fees and expenses which were incurred in defending the Company in these proceedings. The General Counsel moved to dismiss the application on the ground that the General Counsel's position in the unfair labor practice proceeding was substantially justified. On January 2, 1985, the Company requested further proceedings in the EAJA case so that it could discover additional evidence contained in the General Counsel's case files.

The administrative law judge then issued a supplemental decision. He recommended the denial of the Company's application for fees and expenses because he found that the General Counsel's position was substantially justified within the meaning of the EAJA. This conclusion was based on the fact that the findings in the underlying proceeding rested primarily upon credibility determinations. The administrative law

**2.** 29 U.S.C. § 158(a)(1) provides:

(a) It shall be an unfair labor practice for an employer—

(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title.

**3.** 29 U.S.C. § 158(a)(3) provides, in pertinent part:

(a) It shall be an unfair labor practice for an employer—

\*    \*    \*    \*    \*    \*

(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization. . . .

**4.** 29 U.S.C. § 158(a)(5) provides:

(a) It shall be an unfair labor practice for an employer—

\*    \*    \*    \*    \*    \*

(5) to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title.

judge denied the Company's request for further proceedings and rejected its application for fees and expenses incurred in the representation case. The Company filed exceptions to the supplemental decision. On December 11, 1985, the NLRB issued a supplemental decision and order. It adopted the recommendation of the administrative law judge and dismissed the Company's fee application.

## II

### A.

■ The parties agree that the question of whether attorneys' fees should be awarded to the Company turns on whether the position of the General Counsel in the underlying litigation was substantially justified. They are also in agreement that the inquiry as to whether the General Counsel was substantially justified must encompass not only an evaluation of the General Counsel's legal position in proceedings before the Board but also the actions that led to the litigation. At one time, there was considerable ambiguity as to whether the inquiry should include this latter factor—the actions which led to the litigation. *See Temp Tech Industries, Inc. v. NLRB*, 756 F.2d 586, 589–90 (7th Cir.1985). As the General Counsel notes in her brief, the 1985 amendments to the EAJA have made it clear that the inquiry must include this factor. Nor is there any question as to the retroactivity of these amendments.[5] As the Fifth Circuit has already noted in *Russell v. National Mediation Board*, 775 F.2d 1284, 1286 (5th Cir.1985), the House Report makes it clear that the definition of "position of the United States" contained in the 1985 amendments is intended to clarify existing law and therefore applies to all

matters pending on, or commenced on or after October 1, 1981. *Accord American Pacific Concrete Pipe Co. v. NLRB*, 788 F.2d 586 (9th Cir.1986); *see also Gotches v. Heckler*, 782 F.2d 765, 766–67 (7th Cir. 1986); *United States v. Kemper Money Market Mutual Fund*, 781 F.2d 1268, 1270 n. 1 (7th Cir.1986).

### B.

■ The Company alleges that the Board erred in denying its request for further proceedings to address specific evidence in support of its contention that the position of the General Counsel was not substantially justified. However, as the Third Circuit noted in *Dougherty v. Lehman*, 711 F.2d 555, 561 (3d Cir.1983), "[n]othing in the Act or its legislative history requires that independent or separate evidence—distinct from the record of proceedings on the merits—is required in order to satisfy the government's burden of proof." *Accord Lauritzen v. Lehman*, 736 F.2d 550, 559 n. 12 (9th Cir.1984). Indeed, section 504(a)(1) specifically directs that "[w]hether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought." Moreover, in response to the express concerns of the President that clarifying the term "position of the United States" to include underlying agency action could lead to lengthy litigation on how the agency's position was formulated,[6] Congress amended 5 U.S.C. § 504(c)(2) to provide expressly that, when a party appeals a fee determination of an agency to the court of appeals, the court's

---

5. The Equal Access to Justice Act (EAJA), as originally enacted, expired October 1, 1984. The new EAJA came into effect on August 5, 1985. The original EAJA had a provision that extended the coverage of the Act to those cases commenced but not finally resolved prior to October 1, 1984. *See Berman v. Schweiker*, 713 F.2d 1290, 1294 n. 13 (7th Cir.1983). Section 7 of the new EAJA provides: "Except as otherwise provided in this section the amendments made by this Act shall apply to cases pending on or

commenced on or after the date of the enactment of this Act." Pub.L. No. 99–80, § 7, 99 Stat. 183, 186 (1985). The merits of the case underlying this fee petition were pending on October 1, 1984. However, on August 5, 1985, only the fee petition was pending.

6. H.R.Rep. No. 99–120 pt. 1, 99th Cong., 1st Sess. 6–7, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 134–35.

determination on the appeal "shall be based solely on the factual record made before the agency." Accordingly, we believe the NLRB correctly denied the petitioner's request.

### III

The Company next argues that the NLRB's December 11, 1985 order adopting the findings and conclusions of the administrative law judge violated 5 U.S.C. § 557(c)(3)(A).[7] Specifically, the Company indicates that there is only a brief reference to its request for further proceedings, and no reference at all to its request for fees and expenses for its opposition to the General Counsel's motion to amend the complaint by adding an interrogation claim against K & I's counsel. Furthermore, the Company argues that the supplemental order and decision generally fails to meet the requirements of section 557(c)(3)(A) because of its conclusory nature. One of these procedural complaints is troublesome.

■ The Company's claim regarding the Board's failure to address its application for fees incurred in its opposition to the General Counsel's motion to amend the complaint presents a difficult problem. The NLRB order does not address this claim at all. Moreover, we do not agree with the NLRB that this was a collateral contention that did not require discussion in the NLRB's order. *See* Respondent's Br. at 28 (citing *Minneapolis & St. Louis R.R. v. United States*, 361 U.S. 173, 193–94, 80 S.Ct. 229, 241–42, 4 L.Ed.2d 223 (1961); *Sellersburg Stone Co. v. Federal Mine Safety and Health Review Commission*, 736 F.2d 1147, 1150 (7th Cir.1984); *Trailways, Inc. v. I.C.C.*, 676 F.2d 1019, 1022 (5th Cir.1981)). We are also unwilling to hold that the order "implicitly rejected" this contention. Respondent's Br. at 28. While our scope of review under this stat-

ute is admittedly a limited one, we can hardly fulfill our responsibilities unless we have before us the determination of the Board. We therefore remand this case to the NLRB so that it may provide this court with its "findings and conclusions, and the reasons or basis therefore, on all material issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c)(3)(A). Until this has been done, it would be inappropriate for this court to review the remainder of the order.

So Ordered.

---

**7.** Section 557(c)(3) provides, in pertinent part: The record shall show the ruling on each finding, conclusion, or exception presented. All decisions, including initial, recommended, and tentative decisions, are a part of the record and shall include a statement of—

(A) findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record....