SONICRAFT, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 86–2786.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 15, 1987.
Decided March 3, 1987.

Gerald Smetana, Ruberry, Fhares, Abramson & Fox, Chicago, Ill., for petitioner.

Margery S. Lieber, N.L.R.B., Corinna Metcalf, Washington, D.C., for respondent.

Before WOOD, POSNER, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

On September 26, 1986, the National Labor Relations Board denied Sonicraft's request for an award of attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504. On October 30 the clerk of this court received by mail Sonicraft's petition to review the Board's denial; the letter containing the petition was postmarked October 27. The Act provides that a party who is dissatisfied with an agency's ruling on a request for fees under the Act "may, within 30 days after the determination is made, appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision." 5 U.S.C. § 504(c)(2). Citing this provision, the Board has moved to dismiss Sonicraft's petition as untimely. Sonicraft replies that the date of mailing is the date of appeal, and that it relied on advice received from a staff attorney at this court, who told its counsel that a petition mailed within 30 days would be timely.

A notice of appeal or petition for review is filed when received, not when sent. *City of Chicago v. U.S. Dept. of Labor*, 737 F.2d 1466, 1471 (7th Cir.1984). So Sonicraft's petition was untimely. Moreover, the deadline for filing is jurisdictional, meaning we have no power to waive it. This conclusion was reached with regard to the 30–day deadline in the Act for submitting an application for fees to the agency, 5 U.S.C. § 504(a)(2), in *Action on Smoking & Health v. Civil Aeronautics Board*, 724 F.2d 211, 225 (D.C.Cir.1984), and cases cited there. Admittedly that subsection, (a)(2), uses "shall" rather than "may," but this can make no difference. (a)(2) assumes that a party wants fees, and provides therefore that he "shall, within 30 days," submit his application; (c)(2), the subsection involved in this case, gives the disappointed party 30 days to appeal—but that is the outer limit. It would be absurd to read the statute to mean, you may file your petition for review within 30 days, or for that matter within any period that you like, provided we don't think it's too long.

The Board's rule adding three days to the deadline for filings that are mailed, 29 C.F.R. § 102.114, can't help Sonicraft, and not only because an agency cannot enlarge our jurisdiction to review its orders (nor, for that matter, can we). The rule by its terms applies only if the deadline runs from the receipt by the party of the decision that he wants to challenge;

here the deadline runs from "the determination" itself. 5 U.S.C. § 504(c)(2).

 As for the misleading advice that Sonicraft allegedly received from a staff attorney of this court: We have not tried to determine the truth of the allegation, because it is irrelevant as we are about to see, but shall merely note that Sonicraft's counsel apparently spoke to an employee of the clerk's office who was not an attorney, rather than to a member of the court's legal staff. Whether or not there was misleading advice and whether or not it came from a staff attorney, it cannot extend the deadline for filing the petition for review. The deadline, as we said, is jurisdictional, meaning we can't waive it; if we can't, neither can the court's nonjudicial personnel. The oft-cited case of *Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); see *Wort v. Vierling*, 778 F.2d 1233, 1234–36 (7th Cir.1985), does not, as Sonicraft suggests, stand for the general proposition that jurisdictional time limitations can be waived in cases of hardship. If it did, there would be no such limitations; every deadline would be discretionary. The rule of the *Thompson* case is limited to the situation where the district court (or, we suppose, other tribunal) assures a party that he has time to appeal, and the party relies and forgoes filing a timely appeal. No such assurance was given Sonicraft by the National Labor Relations Board. Although the rule jostles uneasily with the principle that jurisdictional limitations are not waivable, and has been undermined by later decisions of the Supreme Court discussed in *Bailey v. Sharp*, 782 F.2d 1366, 1372–73 (7th Cir.1986) (concurring opinion), we need not consider whether it continues to be authoritative; it is enough that we have no inclination to extend it—especially not in the circumstances of this case. Subordinate employees of the judiciary have no authority to waive congressional limitations on judicial power.

APPEAL DISMISSED.