**WESTERN NEWSPAPER PUBLISHING COMPANY, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 86–2207.

United States Court of Appeals, Seventh Circuit.

Argued April 8, 1987.

Decided June 24, 1987.

Herbert C. Snyder, Jr., Barnes & Thornburg, Indianapolis, Ind., for petitioner.

L. Pay Wynns, N.L.R.B., Div. of Sp. Litigation, Washington, D.C., for respondent.

Before WOOD, COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

This case is before the court on Western Newspaper Publishing Co., Inc.'s (Western) petition for review of an order of the National Labor Relations Board (NLRB) denying Western's application for attorneys' fees and expenses under the Equal Access to Justice Act (EAJA or Act), 5 U.S.C. § 504. On October 29, 1985, the NLRB issued a supplemental decision and order adopting the recommended order of the administrative law judge denying Western's EAJA application. Western filed its petition for review of the NLRB order with this court on July 24, 1986—almost nine months after the NLRB order was issued. The NLRB has moved to dismiss Western's petition as untimely.

■ The EAJA as amended in 1985 provides that a party "dissatisfied with a determination of fees and other expenses made [by an administrative agency] may, within 30 days after the determination is made, appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision...." 5 U.S.C. § 504(c)(2). We have recently held that the 30–day time limitation for filing a petition for review of a denial of attorneys' fees and expenses in section 504(c)(2) is jurisdictional. *Sonicraft, Inc. v. NLRB*, 814 F.2d 385, 386 (7th Cir.1987); *see also Action on Smoking & Health v. C.A.B.*, 724 F.2d 211, 225 (D.C.Cir.1984) (holding that the time limitation for filing an initial application for attorneys' fees and expenses under the EAJA is jurisdictional); *Columbia Mfg. Corp. v.*

*NLRB*, 715 F.2d 1409, 1410 (9th Cir.1983) (same). The court has no power to waive the time limitation provision. *Sonicraft*, 814 F.2d at 386.

■ The 1985 amendments to the EAJA, which came into effect on August 5, 1985, determine the timeliness of Western's petition. Section 7 of the 1985 Act provides: "Except as otherwise provided in this section, the amendments made by this Act shall apply to cases pending on or commenced on or after the date of the enactment of this Act." Pub.L. No. 99–80, § 7(a), 99 Stat. 183, 186 (1985). Western's fee petition, but not the merits of the underlying agency action, was pending before the NLRB on August 5, 1985. We hold that the time limitation for filing a petition for review in the 1985 EAJA applies to cases such as this in which only the fee petition was pending on the effective date of the Act. In so holding, we agree with the reasoning of the District of Columbia Circuit: "The statute before us is exclusively concerned with attorneys' fees and fee petitions; as a result, the plain meaning of 'cases pending' in specifying the effective date of the fee statute 'presumably would be commonly understood to include pending fee applications.'" *Center for Science in the Pub. Interest v. Regan*, 802 F.2d 518, 521 (D.C.Cir.1986) (quoting *Trahan v. Regan*, 625 F.Supp. 1163, 1164 (D.D.C.1985)); *see also Russell v. National Mediation Bd.*, 775 F.2d 1284, 1286 (5th Cir.1985) ("The phrase 'cases pending' makes no distinction between the fee application stage of a case and consideration of the merits.") (applying the definition of "position of the United States" contained in the 1985 EAJA); *see generally Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 639 n. 1 (7th Cir.1987); *K & I Transfer & Storage, Inc. v. NLRB*, 805 F.2d 749, 752 n. 5 (7th Cir.1986).[1] *But see American Pac. Con-*

---

1. In *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 639 n. 1 (7th Cir.1987), and *K & I Transfer & Storage, Inc. v. NLRB*, 805 F.2d 749, 752 n. 5 (7th Cir.1986), we applied the 1985 EAJA to determine the proper scope of the inquiry regarding the "position of the United States." In both cases we noted that the provision defining

"position of the United States" in the 1985 amendments was intended to clarify existing law and thus was applicable to those cases in which only the fee petition was pending on the effective date of the 1985 Act. In neither *Phil Smidt* nor *K & I Transfer* did we consider whether the 1985 Act's 30–day time limitation

*crete Pipe Co. v. NLRB,* 788 F.2d 586, 588–90 (9th Cir.1986) (declining to apply the 1985 Act's net worth ceiling to pending fee petitions).[2]

We can perceive no reason why Congress would not apply the new time limitation for judicial review to applications pending before an agency at the time of enactment of the statute. Indeed, to hold otherwise would, in our view, be contrary to the manifest legislative intent to expedite the review process. Moreover, because parties with applications pending before an agency at the time of the amendment's enactment can be charged with the knowledge of the change in the law, there is absolutely no unfairness in applying the deadline to them.

■ Because Western filed its petition for review of the NLRB order denying its fee application more than 30 days after issuance of the NLRB order, we have no jurisdiction to review it. Accordingly, Western's petition must be dismissed.

DISMISSED.

---

for filing a petition for judicial review of an agency denial of attorneys' fees and expenses applied to a case in which only the fee petition was pending on August 5, 1985.

2. The question that faced the Ninth Circuit in *American Pac. Concrete Pipe Co. v. NLRB,* 788 F.2d 586 (9th Cir.1986), was whether a provision of the 1985 EAJA that expands the federal government's liability for attorneys' fees (by raising the net worth ceiling of eligibility from $5 million to $7 million) applied to a case in which only the EAJA fee application was pending on the effective date of the Act. While we express no opinion on the correctness of the Ninth Circuit's holding, we note that the issue in that case presented different concerns from those before us today. Applying that provision of the 1985 Act may have been prejudicial to one of the parties in that proceeding. In contrast, here the application of the 30–day time limit for filing a petition for review works no injustice against either party.