**MacDONALD MILLER COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 87–7254.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 1988.

Decided Sept. 12, 1988.

---

Judd H. Lees, Williams, Kastner & Gibbs, Bellevue, Wash., for petitioner.

Eric G. Moskowitz, Deputy Asst. General Counsel for Special Litigation, and Kevin C. Brodar, N.L.R.B., Washington, D.C., for respondent.

Before ALARCON and BEEZER, Circuit Judges, and NIELSEN,* District Judge.

BEEZER, Circuit Judge:

MacDonald Miller Company (Miller) appeals the NLRB's denial of fees under the Equal Access for Justice Act (EAJA), 5 U.S.C. § 504. The NLRB denied EAJA fees to Miller on April 21, 1987. Miller

filed its petition for review on June 17, 1987. EAJA requires that a dissatisfied party appeal the agency's decision within thirty days; Miller's failure to do so precludes jurisdiction in this court. We dismiss for lack of jurisdiction.

I

Since 1986 a party seeking fees and expenses under EAJA has had the right to appeal an adverse agency decision. The statute prescribes jurisdiction as follows:

> If a party other than the United States is dissatisfied with a determination of fees and other expenses made under subsection (a), that party may, within 30 days after the determination is made, appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication.

5 U.S.C. § 504(c)(2).

This passage waives sovereign immunity. As the Supreme Court said in *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941) (citations omitted), "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." The thirty day time limit is a term of the United States's consent to be sued under EAJA; the time limit is jurisdictional.

The two federal courts of appeals to publish on this issue likewise have concluded that the appeals time limit is jurisdictional. *See Sonicraft, Inc. v. NLRB*, 814 F.2d 385, 386 (7th Cir.1987); *J-I-J Const. Co., Inc. v. United States*, 829 F.2d 26, 29 (Fed.Cir. 1987). Although we have never before addressed the appeals time limit, we have addressed whether EAJA's thirty day time limit for submitting a fee application to the agency is jurisdictional. We have held the latter limit to be jurisdictional. *See Columbia Mfg. Corp. v. NLRB*, 715 F.2d 1409, 1410 (9th Cir.1983) (per curiam);

---

* The Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

*Lord Jim's v. NLRB*, 772 F.2d 1446, 1448 (9th Cir.1985).

The fee application time limit uses language similar to that of the appeals time limit: "A party seeking an award of fees and other expenses shall, within thirty days of a final disposition in the adversary adjudication, submit to the agency an application...." 5 U.S.C. § 504(a)(2). Miller stresses the distinction between "shall" in the application time limit and "may" in the appeals time limit, but as the court pointed out in *Sonicraft*, this can make no difference. The application time limit "assumes that a party wants fees," while the appeals time limit "gives the disappointed party 30 days to appeal—but that is the outer limit." 814 F.2d at 386. In both provisions the "within thirty days" is mandatory.

## II

 Miller contends that the appeals time limit conflicts with a former Ninth Circuit rule which, in Miller's view, we should heed. That rule created a procedure relating to the former EAJA, which did not allow an appeal as of right: the Ninth Circuit rule merely provided a timetable for seeking *leave* to appeal. The rule has no bearing on this appeal. Even if it did, the EAJA time limit would control; we lack power to override a congressional limit on our jurisdiction.

Miller also invokes Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2412(d)(1)(B). The first provision establishes the deadline for appeals from district courts, the second the deadline for applying to a court for EAJA fees in the first instance. Neither provision has any bearing on this appeal.

Finally, Miller argues that even if these rules and statutes do not govern, it relied on them in good faith and so the untimely petition should stand. No authority supports this position. In *Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 387, 84 S.Ct. 397, 398–99, 11 L.Ed. 2d 404 (1964) (per curiam), the Supreme Court suggested merely that assurances of timeliness by the district court might save an appeal. *See Sonicraft*, 814 F.2d at 387.

Miller did not rely on assurances by the tribunal below, but rather on rules and statutes which plainly do not apply.

## III

EAJA's requirement that a dissatisfied party appeal within thirty days is jurisdictional. Miller filed its petition in well over thirty days; we lack jurisdiction over Miller's appeal.

DISMISSED.