**ADAM SOMMERROCK HOLZBAU, GmbH, Appellant,**

v.

**The UNITED STATES, Appellee.**

**No. 88–1448.**

United States Court of Appeals, Federal Circuit.

Jan. 23, 1989.

Scott Smith, Schwalb, Donnenfeld, Bray & Silbert, Washington, D.C., argued for appellant. Reed L. von Maur and Leodis C. Matthews, O'Haire, Fiore & von Maur, West Germany, were on the brief for appellant. Also on the brief were James K. Stewart and Keith R. Anderson, Schwalb, Donnenfeld, Bray & Silbert, Washington, D.C., of counsel.

Gordon D. Kromberg, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and M. Susan Burnett, Asst. Director.

Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and NIES, Circuit Judge.

### ORDER

NIES, Circuit Judge.

The question raised by this appeal is whether Adam Sommerrock Holzbau, GmbH, has timely filed its appeal to this court from the decision of the Armed Services Board of Contract Appeals, *Adam Sommerrock Holzbau*, ASBCA No. 33,185, 88–2 B.C.A. (CCH) ¶ 20,797 (1988), which dismissed as untimely Holzbau's claim for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (1982 & Supp. IV 1986). We hold that the appeal to this court must be dismissed because we are without jurisdiction over the belatedly filed appeal.[1] Accordingly, we do not address the correctness of the board's decision that Holzbau's fee application was itself untimely.

### I

The facts are undisputed. By final decision of August 4, 1986, an Air Force contracting officer denied Holzbau's claim under the Contract Disputes Act (CDA), 41 U.S.C. §§ 601–13 (1982), for monies Holzbau asserted were due under a completed contract to perform roofing services in West Germany. Holzbau appealed that decision to the board. Before the board completed a hearing, however, the parties settled. A decision approving that settlement was then entered by the board on August 8, 1987. The settlement excepted Holzbau's right to apply for attorney fees and expenses under the EAJA. On November 24, 1987, Holzbau filed such an application with the board.

The board dismissed Holzbau's application as untimely, and issued a final decision so holding on May 4, 1988. Holzbau received a copy of that decision on May 11, 1988. This court received Holzbau's petition for review of the board's final decision denying fees because of untimeliness on June 9, 1988.[2]

### II

The EAJA provides:

"having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication," jurisdiction over an appeal from a board's decision on an application for fees and expenses. Because this court had jurisdiction over an appeal from the board's decision on the merits of Holzbau's CDA claim under 28 U.S.C. § 1295(a)(10), it also has jurisdiction over the board's decision on Holzbau's application for fees and expenses under 5 U.S.C. § 504(c)(2).

---

1. The appeal from the board was technically commenced by filing a "petition for review." For convenience, we have used the term "appeal" throughout, in accordance with Federal Circuit Rule 15, as revised on September 1, 1988.

2. This court hears appeals from decisions of the various boards of contract appeals under the CDA. *See* 28 U.S.C. § 1295(a)(10) & (b) (1982). The EAJA, 5 U.S.C. § 504(c)(2), gives the court,

If a party other than the United States is dissatisfied with a determination of fees and other expenses made under subsection (a), that party may, *within 30 days after the determination* is made, appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication.

5 U.S.C. § 504(c)(2) (emphasis added). Citing that provision and asserting that the thirty-day period began when the board issued its opinion on May 4, 1988, the government urges dismissal of Holzbau's appeal as untimely. Holzbau responds that the thirty-day period began only when Holzbau received a copy of the board's decision on May 11, 1988. Thus, according to Holzbau, its appeal was timely filed. The question for this court, then, is when the statutory thirty-day period begins. Does it begin when the board issues its decision, or when the petitioner receives a copy of that decision?

A straight-forward reading of the statutory language, "within 30 days after the determination is made," indicates that the deadline runs from issuance of the determination or decision. *See Sonicraft, Inc. v. N.L.R.B.*, 814 F.2d 385, 386–87 (7th Cir. 1987) ("deadline runs from 'the determination' itself").

Holzbau points to the provision in the CDA allowing a contractor to appeal a board's decision to this court "within one hundred twenty days *after the date of receipt of a copy* of such decision," 41 U.S.C. § 607(g)(1)(A) (emphasis added), as support for its contention that Congress meant to say "within 30 days after the date of receipt of a copy of the determination" in the EAJA. We are not persuaded. *See Greenport Co. v. United States*, 260 U.S. 512, 516, 43 S.Ct. 183, 184, 67 L.Ed. 370 (1923) ("As the language of the act is clear, there is no room for the argument of plaintiff drawn from other [statutes]."); *see also Federal Land Bank v. Cotton*, 410 F.Supp.

169, 170 (N.D.Ga.1975) ("a tenuous finding of intent by omission cannot withstand a contrary intent explicitly stated in another statute").

The CDA governs appeals to this court of decisions by boards on contract disputes themselves; the EAJA provision at issue governs appeals of disputes over attorney fees and expenses. Moreover, Congress has made its intent clear through specific language in the CDA. Had it desired to include a "date of receipt" provision in the EAJA similar to that in the CDA, it certainly could have done so. *See, e.g., In re Borba*, 736 F.2d 1317, 1320 (9th Cir.1984) ("The Court cannot omit or add to the plain meaning of a statute."); *Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1332 (4th Cir. 1976) (impermissible to construe statute "on the basis of a mere surmise as to what the Legislature intended and to assume that it was only by inadvertence that it failed to state something other than what it plainly stated."); *De Soto Securities Co. v. Commissioner of Internal Revenue*, 235 F.2d 409, 411 (7th Cir.1956) ("Courts have no right, in the guise of construction of an act, to either add words to or eliminate words from the language used by congress.").

Other judicial decisions reassure us that our interpretation here is correct. The only other federal court of appeals which has addressed the question also held that the deadline runs from the date of issuance.[3] Citing its earlier opinion in *Sonicraft, Inc.*, the Seventh Circuit specifically stated:

Because [petitioner] filed its petition for review of the NLRB order denying its fee application more than 30 days *after issuance* of the NLRB order, we have no jurisdiction to review it. Accordingly, [petitioner's] petition must be dismissed.

*Western Newspaper Publishing Co. v. N.L.R.B.*, 821 F.2d 459, 461 (7th Cir.1987) (emphasis added). Moreover, in a prior de-

---

**3.** See *MacDonald Miller Co. v. N.L.R.B.*, 856 F.2d 1423, 1424 (9th Cir.1988), which cites the Federal Circuit and Seventh Circuit as the only two federal courts of appeals to publish opinions addressing the jurisdictional time limit of section 504(c)(2). Our own research confirms, and updates, that statement.

cision, *J–I–J Construction Co. v. United States,* 829 F.2d 26 (Fed.Cir.1987), this court dismissed an appeal as untimely under 5 U.S.C. § 504(c)(2), stating:

> [T]he board's final decision denying fees ·(because of untimeliness) *was issued* on July 7, 1986; the contractor's appeal to this court came on November 6, 1986— some 122 days later, considerably beyond the allowable 30 days.

*Id.* at 28. Although the court in *J–I–J* was not considering the question of whether the time limit of section 504(c)(2) begins on the date the decision is issued or when it is received, the language quoted above reflects the meaning garnered from a plain reading of the statute.

We have been unable to find anything in the legislative history which sheds further light on the question. Accordingly, pursuant to the above analysis, we hold that the thirty-day time limit for appeal set forth in section 504(c)(2) begins upon issuance of the board's decision.

### III

■ Holzbau attempts to avoid the thirty-day time limit of section 504(c)(2) by relying upon the appeal period provided in the CDA. Holzbau asserts that "[t]his case involves the applicability of [CDA § 607(g)(1)(A) ] as an independent basis for this Court's jurisdiction, as well as how § 504 of the EAJA applies to this case." Section 607(g)(1)(A) allows a contractor 120 days to appeal a decision by the board on a contract dispute itself. According to Holzbau, then, a contractor who desires to appeal an adverse board decision on its application for fees and expenses has a choice: it may appeal either within thirty days under EAJA section 504(c)(2) or within 120 days under CDA section 607(g)(1)(A). Holzbau also asserts that the two appeal periods may be cumulated. This court considered and rejected the argument that the CDA appeal period applies to fee decisions, however, when it was previously raised by a contractor in *J–I–J Constr. Co.,* 829 F.2d

at 28–29. There, this court's analysis concluded: "In a word, the appeal period in 5 U.S.C. § 504(c)(2) applies to all fee rulings by contract appeal boards." The *J–I–J* decision is binding upon this panel. *See UMC Elecs. Co. v. United States,* 816 F.2d 647, 652 n. 6, 2 USPQ2d 1465, 1468 n. 6 (errata) (Fed.Cir.1987) ("A panel of this court is bound by prior precedential decisions unless and until overturned *in banc.*"), *cert. denied,* —— U.S. ——, 108 S.Ct. 748, 98 L.Ed.2d 761 (1988). Moreover, we fully agree that 5 U.S.C. § 504(c)(2) *alone* applies to fee rulings by contract appeal boards.

### IV

In sum, 5 U.S.C. § 504(c)(2) alone, and not 41 U.S.C. § 607(g)(1)(A), provides the applicable period for appeal from a board of contract appeals decision on an application for fees and expenses. Under section 504(c)(2), the time for appeal begins to run from the date the board's fee decision is issued, not from the date a party receives a copy of such decision. Because Holzbau filed its petition for review of the board's decision denying its fee application more than thirty days after issuance of the decision, we have no jurisdiction to review it. *See MacDonald Miller Co. v. N.L.R.B.,* 856 F.2d 1423, 1424 (9th Cir.1988) (time limit for appeal under section 504(c)(2) is jurisdictional) (citing *J–I–J Constr. Co.,* 829 F.2d at 29; *Sonicraft, Inc.,* 814 F.2d at 386).

ACCORDINGLY, IT IS ORDERED THAT:

Holzbau's appeal is dismissed.

DISMISSED.