889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nancy A. DAVE, Plaintiff-Appellant,
v.
APTCO AUTO AUCTION; Dave Dewolf; Gary Dickinson; Joseph
Maltese, Defendants-Appellees.
 No. 89-1848.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1989.
 
 1
 Before MERRITT, Chief Judge, KENNEDY, Circuit Judge, and R. ALLAN EDGAR, District Judge*.
 
 ORDER
 
 2
 This matter is before the court upon consideration of the appellant's request for extension of time to file a notice of appeal which was filed in response to this court's August 1, 1989, order directing her to show cause why her appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. She states that she did not receive the district court's decision until June 17, 1989; her attorney informed her that he had no intent to appeal; and there was a delay in receiving requested documents from the district court. She also states that on June 27, 1989, her counsel advised her that she had only one week remaining of the appeal period and that at one point she verified her calculation of the appeal period with the district court clerk. Appellees' replied and appellant responded and sought an extension of time to file a memorandum on appeal should the case proceed to a hearing.
 
 
 3
 It appears from the documents before the court that the judgment was entered June 9, 1989. The notice of appeal filed on July 18, 1989, was eight days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. Although she states that she calculated her appeal period by excluding weekends and holidays and that she verified her appeal period calculation with the district court clerk, such does not excuse the late filing of a notice of appeal. Sonicraft, Inc. v. NLRB, 814 F.2d 385, 387 (7th Cir.1987). Detrimental reliance may be used to excuse a late appeal only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that the act has been properly done. Osterneck v. Ernst & Whinney, 109 S.Ct. 987, 993 (1989).
 
 
 5
 Accordingly, it is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation