**Robert T. HOWITT, Plaintiff, Appellant,**

v.

**UNITED STATES DEPARTMENT OF COMMERCE, Defendant, Appellee.**

No. 89–1697.

United States Court of Appeals,
First Circuit.

Heard Dec. 8, 1989.

Decided Feb. 6, 1990.

Gerry A. Blodgett with whom Blodgett & Blodgett, P.C., Worcester, Mass., was on brief, for plaintiff, appellant.

Paul G. Levenson, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for defendant, appellee.

Before BREYER, TORRUELLA and SELYA, Circuit Judges.

BREYER, Circuit Judge.

Robert Howitt seeks reimbursement for "attorneys' fees and other expenses" that he incurred in various Patent Office proceedings. The Equal Access to Justice Act entitles him to reimbursement only if he incurred those "fees and ... expenses" in "an adversary adjudication." 5 U.S.C. § 504(a)(1). The district court held against Howitt because it believed that the proceedings in question were not "adversary" and that, regardless, Howitt did not file his fee petition or court action on time. We find that the district court properly denied Howitt's request.

The Equal Access to Justice Act says that a private person "dissatisfied" with an agency's fee determination

> may, within 30 days after the determination is made, appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication.

5 U.S.C. § 504(c)(2). In this case, the relevant agency, the Department of Commerce, denied the fee petition on July 2, 1986. Howitt filed an appeal on July 31, 1986, but he filed it in the United States Court of Appeals for the Federal Circuit. That court held it lacked jurisdiction to consider the appeal; and the Supreme Court, on October 5, 1987, denied Howitt's petition for certiorari. On October 31, 1987, Howitt asked the United States District Court for the District of Massachusetts to review the Department of Commerce decision; but this appeal comes many months after the statute's 30–day time limit.

Having examined the case law on the subject, we find that we lack the legal

power to hear Howitt's appeal. The circuit courts have unanimously agreed that the statute's 30–day time limit is *jurisdictional*, and therefore that neither the parties nor the courts may waive it. *See Adam Sommerrock Holzbau, Gmbh v. United States*, 866 F.2d 427, 430 (Fed.Cir.1989); *MacDonald Miller Co. v. NLRB*, 856 F.2d 1423, 1425 (9th Cir.1988); *J–I–J Construction Co. v. United States*, 829 F.2d 26, 29 (Fed.Cir.1987); *Western Newspaper Publishing Co. v. NLRB*, 821 F.2d 459, 460 (7th Cir.1987); *Sonicraft, Inc. v. NLRB*, 814 F.2d 385, 386 (7th Cir.1987); *cf. Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir.1988) (30–day time limitation in 5 U.S.C. § 504(a)(2) for filing an initial application for attorney's fees for agency proceedings under EAJA is jurisdictional); *Clifton v. Heckler*, 755 F.2d 1138, 1144–45 (5th Cir.1985) (corresponding 30–day time limitation in 28 U.S.C. § 2412(d)(1)(B) regarding initial EAJA application in civil actions is jurisdictional); *Action on Smoking & Health v. CAB*, 724 F.2d 211, 225 (D.C.Cir.1984) (same); *Columbia Mfg. Corp. v. NLRB*, 715 F.2d 1409, 1410 (9th Cir.1983) (per curiam) (5 U.S.C. § 504(a)(2) imposes jurisdictional limit); *Monark Boat Co. v. NLRB*, 708 F.2d 1322, 1326–27 (8th Cir.1983) (same).

■ Howitt points to the Federal Transfer Statute, which says that when a federal court lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer" the action to a court that has jurisdiction (which shall then proceed as if the case had been filed there originally). *See* 28 U.S.C. § 1631. He argues that the word "shall" means the Federal Circuit should have transferred his case. The simple fact, however, is that the Federal Circuit *did not* transfer his case. Thus, this statute does not cure the jurisdictional defect.

Howitt would like us, in essence, to overrule the Federal Circuit on this point, and either order that court to transfer the case or treat the case as if the court had transferred it. We are aware of no legal authority that would permit one circuit to review another circuit's decision not to transfer. (We should think that a party would have

to ask the Supreme Court to review the initial decision.) Regardless, this is not an appropriate case to consider unusual procedural holdings, for our review of the merits of the case convinces us that Howitt is most unlikely to win his claim that Patent Office proceedings are "adversary." Indeed, his case is sufficiently weak on the merits that we could not second guess a Federal Circuit determination that transfer was not "in the interest of justice" even were we to possess the power to review that Howitt seeks to give us.

For these reasons the judgment of the district court is

*Affirmed.*