**Robert SCOTT, Jr., and Robert C. Konop, Petitioners,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD, Secretary of Transportation and Federal Aviation Administration et al., Respondents.**

No. 96–1360.

United States Court of Appeals, District of Columbia Circuit.

June 13, 1997.

Robert Scott, Jr., Robert C. Konop, pro se, were on the briefs, for petitioners.

Allan H. Horowitz, Manager, Special Programs Branch, Federal Aviation Administration, James A. Barry, Attorney, Appellate Branch, Federal Aviation Administration, were on the brief, for respondents.

Before: WALD, WILLIAMS, and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

· PER CURIAM:

Petitioners Robert Scott, Jr., and Robert C. Konop seek review of a decision of the National Transportation Safety Board ("NTSB" or "Board"), *Application of Scott,* NTSB Order No. EA–4472 (1996), which awarded Scott attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504(a)(1), in the amount of $13,853.51.[1] Scott is challenging the amount of the award. Because the petition for review was not timely filed, however, the petition must be dismissed for lack of jurisdiction. Thus, we do not address the correctness of the Board's decision to reduce Scott's requested fees and expenses.

## I. BACKGROUND

The facts are undisputed. In an order served May 2, 1995, the NTSB administrative law judge ("ALJ") determined that Scott was not entitled to the recovery of fees and expenses because he incurred no obligation to pay his representative, attorney assistants, and experts. He also determined that even assuming Scott was entitled to recover under EAJA, the hourly rate billed by Konop was too high, certain fees and expenses should be

disallowed, and the time spent on various tasks was unreasonable. The ALJ concluded that if Scott were allowed to recover fees, he was only entitled to $8,374.51. Scott appealed this decision.

On July 31, 1996, the Board issued an order granting Scott's appeal. The Board determined that the ALJ erred in finding that Scott was not entitled to recover under EAJA but concurred in the ALJ's reduction of the amount of the hourly fee and the number of hours claimed. With a few exceptions, the Board relied in large part on the award amount established by the ALJ. The Board awarded Scott EAJA fees in the amount of $13,853.51. Both Scott and Konop have appealed to this court.

## II. ANALYSIS

■ EAJA provides that a party dissatisfied with an agency's fee determination

may, *within 30 days after the determination is made,* appeal the determination to the court of the United States having jurisdiction to review the merits of the underlying decision of the agency adversary adjudication.

5 U.S.C. § 504(c)(2) (emphasis added). Citing section 504(c)(2), the FAA asserts that the 30–day period began when the NTSB served its opinion on July 31, 1996, and thus Scott's petition for review filed September 24, 1996, should be dismissed as untimely. Scott asserts that the 30–day period began to run on August 30, 1996, 30 days after the order was served. Scott claims that NTSB orders do not become final until 30 days after they have been served, *see* 49 C.F.R. § 826.38, and that therefore he has an additional 30 days after the order is served to appeal the EAJA determination. Thus, Scott claims that his petition for review was timely filed on September 24, 1996.

While we have never addressed the jurisdictional time limit of section 504(c)(2), the case law in other circuits clearly demonstrates that Scott's interpretation of the time limit is erroneous. The question of when the

---

1. Respondents have filed a motion to remove Konop as a party. Because the court is dismissing the appeal for lack of jurisdiction, the court need not resolve whether Konop is properly before the court.

statutory 30–day period begins has been clearly answered by the Federal Circuit in *Adam Sommerrock Holzbau, GmbH v. United States,* 866 F.2d 427 (Fed.Cir.1989). In *Holzbau,* the Federal Circuit determined that "[a] straight-forward reading of the statutory language, 'within 30 days after the determination is made,' indicates that the deadline runs *from issuance of the determination or decision." Id.* at 429 (emphasis added). *See also MacDonald Miller Co. v. NLRB,* 856 F.2d 1423, 1425 (9th Cir.1988) (petition for review filed "well over thirty days" after issuance of agency decision was untimely); *Western Newspaper Publishing Co. v. NLRB,* 821 F.2d 459, 461 (7th Cir. 1987) (petition for review filed "more than 30 days after issuance of NLRB order" was late); *Sonicraft, Inc. v. NLRB,* 814 F.2d 385, 387 (7th Cir.1987) ("deadline runs from 'the determination' itself").

Holzbau had argued that the court should consider the provision in the Contract Disputes Act ("CDA") allowing a contractor to appeal the Armed Services Board of Contract Appeals' decision to the court "within one hundred twenty days after the receipt of the copy of such decision," 41 U.S.C. § 607(g)(1)(A), when considering what Congress meant when it said "within 30 days after the date of the determination" in the EAJA. The Federal Circuit found this argument unpersuasive and in fact explained that "[t]he CDA governs appeals to this court of decisions by boards on contract disputes themselves; the EAJA provision at issue governs appeals of disputes over attorney fees and expenses." *Holzbau,* 866 F.2d at 429. Thus, the provisions in the CDA had no application to the EAJA appeal as "5 U.S.C. § 504(c)(2) *alone* applies to fee rulings." *Id.* at 430 (emphasis in original).

 Similarly, Scott's attempt to rely on the NTSB's regulation, 49 C.F.R. § 826.38, is unavailing.[2] Section 826.38, to which Scott cites, pertains to the NTSB's review of the *ALJ*'s initial disposition of the fee application and not to judicial review of the NTSB's final fee application. While section 826.38 does

state that "the initial decision on the application shall become a final decision of the Board 30 days after it is issued," that is only true "[i]f neither the applicant nor agency counsel seeks review and the Board does not take review on its own initiative." 49 C.F.R. § 826.38. Thus, section 826.38 has no application to the question of when the *Board*'s order becomes final and even if it did, it would not apply to a case such as this where the ALJ's initial decision is appealed to the Board and the Board issues a decision. Thus, we need not address petitioners' argument that where an agency's rules provide that *its* decisions become "final" some period of time after they are "made" there would be a risk that the EAJA time limit might expire before a decision was final.

The appropriate procedure for seeking judicial review of a final NTSB fee determination is set out in the regulations, although Scott curiously omits a citation to this section. *See* 49 C.F.R. § 826.39. Section 826.39 provides that "[j]udicial review of final Board decisions on awards may be sought as provided in 5 U.S.C. § 504(c)(2)." 49 C.F.R. § 826.39. Accordingly, Scott's petition for review, filed 55 days after the NTSB issued its fee order, is untimely and must be dismissed for lack of jurisdiction.

*So ordered.*

---

2. Scott also cites to 49 C.F.R. §§ 821.50(b) and 826.24(a). These sections are inapplicable as section 821.50(b) applies to the timing and service of petitions for rehearing, reargument, re-

consideration, or modification of an *initial decision* of the NTSB and section 826.24(a) applies to the timing of the filing of the *initial fee application* with the NTSB.