**In the MATTER OF the Fee Agreement of Mark L. FORD.**

**No. 90–853.**

United States Court of Veterans Appeals.

March 1, 1994.

Before KRAMER, FARLEY, and IVERS, Judges.

## ORDER

PER CURIAM.

Petitioner, Mark L. Ford, Esq., moves the Court for review of and to take certain action regarding a fee agreement with his client, David R. Parsons, for work performed before the Court in case number 90–853.

In August 1990, petitioner filed his fee agreement with the Court. The agreement provides for a contingency fee of 20% of any past-due benefits awarded to the client, such fee to be paid by the client. It does not provide for payment of the contingency fee by the Secretary.

On August 18, 1992, the Court vacated the Board of Veterans' Appeals (Board or BVA) decision regarding the client and remanded the case for readjudication. On remand, the client was awarded $71,628.00 in past-due benefits.

On October 29, 1993, petitioner moved the Court to approve his attorney fee for work performed before the Court, averring that the client had failed to pay him the 20% contingency fee ($14,325.60). On November 19, 1993, the Clerk of the Court ordered petitioner to show cause why the Court had jurisdiction over this matter. In response, petitioner acknowledges that his remedy is probably to sue his client. He asks, however, for a statement by the Court that the agreement is enforceable, and also moves for an order directing his client to pay the fee of $14,325.60.

■ The authority of this Court to consider and enforce fee agreements between attorneys and their clients is reflected in 38 U.S.C. §§ 5904(c)(2), (d) and 7263(c), (d). *See In re Fee Agreement of Smith,* 4 Vet. App. 487 (1993). Section 5904(c)(2) of 38 U.S.C. applies only to representation before the "Department [VA] or the Board." Under this subsection, a "finding or order of the Board" that the fee is excessive or unreasonable may be reviewed by the Court. Because the agreement here applies only to representation before the Court, and the Board has not made any finding, section 5904(c)(2) is inapplicable.

■ The Court has the authority under 38 U.S.C. § 5904(d) to enforce the payment of a contingency fee directly to an attorney by the Secretary where the agreement so provides. *See Smith, supra,* at 493. Section 5904(d) is inapplicable here because the agreement in question provides for payment exclusively by the client, and not by the Secretary.

■ Pursuant to 38 U.S.C. § 7263(c), the Court, on its own motion or the motion of any party, may review fee agreements between attorneys and their clients regarding representation before the Court. *See Smith, supra,* at 491. Section 7263(d) states that in reviewing a fee agreement under subsection (c), the Court may "order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable." While the Court finds that the 20% contingency fee called for in the agreement is not "excessive or unreasonable," *see Smith,* 4 Vet.App. at 499, and will thus not order a reduction of such fee, subsection 7263(d) does *not* provide the Court with the power to order a client to pay fees to his attorney. However, petitioner is certainly not precluded by the Court from seeking to enforce his agreement elsewhere.

On consideration of the foregoing, it is

ORDERED that that part of petitioner's motion requesting review of the fee agreement is GRANTED. It is further

ORDERED that that part of petitioner's motion requesting enforcement of the fee agreement is DENIED.