James FRANKLIN, Jr., Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–487.

United States Court of Veterans Appeals.

Feb. 10, 1995.

Before FARLEY, HOLDAWAY and IVERS, Judges.

## ORDER

PER CURIAM.

The case is before the Court on the appellant's application for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

One of the requirements of the EAJA is that an applicant seeking attorney fees and expenses allege that the government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(B); U.S.Vet.App.R. 39(b)(1) (application must include statement identifying "the specific position or positions of the Secretary that the applicant alleges were not substantially justified"); see Action on Smoking and Health v. C.A.B., 724 F.2d 211, 225 (D.C.Cir.1984) (waiver of sovereign immunity, permitting the government to be sued, must be strictly construed, and any such suits must abide by terms of government's consent to be sued); see also Felton v. Brown, 7 Vet.App. 276, 278–79 (1994) (describing EAJA and substantial justification requirement); Elcyzyn v. Brown, 7 Vet.App. 170, 174, (1994) (one of three predicate findings for an award under EAJA is finding that government's position was not substantially justified); Grivois v. Brown, 7 Vet.App. 100, 101 (1994) (timely submission of EAJA application is jurisdictional prerequisite to government liability for attorney fees); Stillwell v. Brown, 6 Vet.App. 291, 299 (1994) (EAJA requires timely submission of application); cf. United States v. Hopkins Dodge Sales, Inc., 707 F.Supp. 1078, 1080 (D.Minn.1989) (dismissing EAJA application where applicants had not explicitly alleged they were prevailing parties or otherwise provided factual information regarding their eligibility). But see Olson v. Norman, 830 F.2d 811, 821 (8th Cir.1987) (where trial court had awarded attorney fees to plaintiffs who had not filed formal fee application, appeals court reversed and held that application must meet requirements of EAJA but remanded in order to permit plaintiffs to correct their omissions and to file proper application for fees); Dunn v. United States, 775 F.2d 99, 101, 103 (3d Cir.1985) (pleading requirements of EAJA are not jurisdictional). See generally Jones v. Brown, 41 F.3d 634, 635 (Fed.Cir.1994),

*vacating and remanding,* 6 Vet.App. 101 (1993).

In his application, the applicant failed to allege that the government's position was not substantially justified. On July 19, 1994, the Secretary filed a motion to dismiss the appellant's EAJA application or, in the alternative, to stay proceedings pending submission by the appellant of an EAJA application that complied with the statutory requirements. On December 8, 1994, the Court ordered the appellant to show cause, within 30 days, why the application for attorney fees should not be dismissed. The appellant has not responded to that show cause order or otherwise sought to amend the defective, initial application.

Upon consideration of the foregoing, it is

ORDERED that the appellant's application for attorney fees and expenses under the EAJA is DISMISSED.