Eugene C. JURGENS, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–1188.

United States Court of Veterans Appeals.

Sept. 12, 1995.

David B. Wiles, for appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; and David W. Engel, Deputy Assistant General Counsel were on the pleadings for appellee.

Before FARLEY, HOLDAWAY, and IVERS, Judges.

FARLEY, Judge:

Before the Court is the appellant's application for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court will grant the appellant's application and order the award of attorney fees and expenses consistent with this opinion.

### I.

The appellant filed a timely appeal of a June 5, 1992, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for a kidney disorder. On June 30, 1993, this Court vacated the BVA decision and remanded the matter "in order for the Board to have the opportunity to review and assess all of the evidence of record, to provide adequate reasons or bases for its findings and conclusions, and to cite to independent medical authority to substantiate its findings and conclusions." *Jurgens v. Brown*, 5 Vet.App. 313 (1993). Judgment was entered on July 22, 1993, the Court received the Secretary's notice of final action on remand on March 22, 1994, judgment was entered again on March 24, 1994,

and mandate issued on May 26, 1994. The appellant filed his application for attorney's fees under EAJA on June 21, 1994, asserting that the appellant was a prevailing party, that he "is eligible to receive" an EAJA award, and that the Secretary's position "in this matter was unreasonable." Application (Appl.) at 1–2. Further, the appellant claimed $2,607.53, computed as 10.2 hours of attorney time and 26.9 hours of legal assistant time, for a total of 37.1 hours, at a rate of $75 per hour for attorney time and $65 per hour for legal assistant time. Appl. at 3. The appellant also sought repayment of the 20% retroactive benefit fee amount he had to pay his attorney based on their contingency fee agreement, and $94.03 in expenses paid for costs of telephone, photocopy, facsimile, and Federal Express services, as well as for computerized legal research costs. Appl. at 3–4.

After a lengthy stay of proceedings, the appellant filed a supplement to the application for attorney fees in which he reduced the claim from the original amount sought to $1500, plus an addition of $375, computed as five hours of attorney time at the rate of $75 per hour, for preparing and asserting the EAJA application. Supplement (Suppl.) at 5–6. The appellant also continued to assert his claim for $94.03 in expenses and the contingency portion of the fee agreement paid by the appellant to his attorney. Suppl. at 6–7. In March 1995, the appellant filed a memorandum in support of his application for attorney fees and expenses, asserting that as a result of litigation in this Court, the appellant received a retroactive payment of $266,777 and that 20% of that amount, or $53,355, was due to his attorney pursuant to the terms of the contingency fee agreement. However, the appellant asserted that, pursuant to a subsequent agreement with his counsel, that amount had been reduced to $49,-355.44, an amount which the appellant had already paid. Memorandum at 1. In May 1995, the Secretary filed a response to the appellant's memorandum, asserting that the only issue in dispute is the reasonableness of the award amount, specifically whether the appellant may recover attorney fees paid to counsel on a contingency fee basis. Response at 3.

## II.

### A.

Two threshold matters warrant brief discussion. The EAJA provides, in pertinent part, that:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought.... The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B). Thus, under the EAJA, the appellant is required to assert that he is a party eligible for an EAJA award. In *Jensen v. Brown*, 8 Vet.App. 140, 141 (per curiam order Aug. 15, 1995), the Court held that the statute requires an applicant, within the 30–day EAJA filing period, to show that he is a party eligible for an EAJA award for the Court to have jurisdiction over the EAJA application. *Id.* at 141. In dismissing the application in *Jensen* as defective, the Court held that the appellant had failed to make a timely showing of his net-worth. The Court took specific note of the fact that the appellant there had paid the $50 filing fee and had not sought a waiver of that fee based on "financial hardship" under Rule 3(e) of the Court's Rules of Practice and Procedure. *Id.* at 2.

Here, unlike in *Jensen*, the appellant affirmatively asserted that he "is eligible to receive an award." Also, during the litigation of his case on the merits, he had requested a waiver of the filing fee pursuant to Rule 3(e) and filed, in support of his request, an affidavit which provided the Court with his personal income and expense figures and which established that his net worth did not exceed two million dollars. The Court concludes that the combination of the appellant's claim of eligibility and his affidavit satisfied the statutory requirements as interpreted in *Jensen* and this Court has jurisdiction to consider his EAJA application.

An appellant also is required by statute to assert in his application that "the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see Franklin v. Brown*, 7 Vet.App. 388 (1995). Although the appellant here did not use the magic words "substantially justified", he did provide a lengthy description of the actions taken by the Secretary on the merits of the appellant's claim, and he specifically stated in his application for fees that "the Secretary's position in this matter was unreasonable." Appl. at 1–2. In *Stillwell v. Brown*, 6 Vet. App. 291, 302 (1994), this Court, following the precedent of the United States Supreme Court and the Court of Appeals for the Federal Circuit (Federal Circuit), established a reasonableness test to determine the "substantial justification" issue:

> [T]he VA must demonstrate the reasonableness, in law and fact, of the position of the VA in a matter before the Court, and of the action or failure to act by the VA in a matter before the VA, based upon the totality of the circumstances, including merits, conduct, reasons given, and consistency with judicial precedent and VA policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the Court.

For this reason, we conclude that the application submitted by the appellant fulfilled the statutory requirements.

### B.

■ This Court becomes involved with attorney fee issues in two ways: first, pursuant to 38 U.S.C. § 7263(d), the Court may, "on its own motion or the motion of any party," review a fee agreement and may "order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable." An order of this Court resulting from a review of a fee agreement filed in connection with an appeal to this Court "is final and may not be reviewed in any other court." *Id.* In *In re Fee Agreement of Smith*, 4 Vet.App. 487 (1993), the Court stated:

> The [Veterans' Judicial Review Act] (VJRA) enacted neither a formula for nor

a limit upon the amount of an attorney fee. However, it charged both the BVA and this Court to order reductions in fees found to be "excessive or unreasonable." *See* 38 U.S.C.A. §§ 5904(c)(2); 7263(d). The absence of specific Congressional guidance with respect to what is a "reasonable" fee was not an accident. Indeed, as was stated by Senator Alan Cranston, the Chairman of the Senate Committee on Veterans' Affairs as well as the ·Senate author and floor manager of the VJRA, during Senate consideration of the compromise agreement on the legislation (S. 11) enacted as Public Law 100–687: "[A]long with granting veterans the right to obtain judicial review we should grant them as much latitude as possible to make determinations about their representation." 134 Cong.Rec. S16647 (daily ed. Oct. 18, 1988). To that end, Congress considered and rejected a cap on attorney fees to afford the veteran the freedom to contract for the best possible representation for VA benefit claims.. 134 Cong.Rec. S16637 (daily ed. Oct. 18, 1988) (statement of Sen. Mitchell); 134 Cong.Rec. S16636 (daily ed. Oct. 18, 1988) (statement of Sen. Simpson); 134 Cong.Rec. S16651 (daily ed. Oct. 18, 1988) and H10345 (daily ed. Oct. 19, 1988) (Explanatory Statement). A more precise definition of a not "excessive or unreasonable" fee will have to await further case-by-case development in the context of specific situations.

*Id.* at 491. The focal point of the Court's review of attorney fees under this statutory provision is the reasonableness of the fee charged pursuant to a fee agreement between the appellant and his or her attorney, and the Court is not constrained by a statutory formula in reaching such a determination. While the Court has not had an opportunity to fully define the parameters of what is reasonable, it has held that a 20% fee is reasonable. *See In re Fee Agreement of Ford*, 6 Vet.App. 262, 263 (1994); *Smith*, 4 Vet.App. at 499. However, that is not the current issue before the Court.

■ Rather, the pending issue evokes the Court's second involvement with attorney fees. On October 29, 1992, Congress enacted

section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (found at 28 U.S.C. § 2412 note). Section 506(a) amended 28 U.S.C. § 2412(d)(2)(F) to make the EAJA applicable to this Court. The EAJA provides in relevant part that

a court shall award to a prevailing party ... fees and other expenses, ... incurred by that party in any civil action, ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

. . . .

(2) For the purposes of this subsection—

(A) "fees and other expenses" includes ... reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(A). Here, the Court's focus is upon the computation of a fee award within the statutory framework levied by Congress. Unlike the situation pertaining to attorney fees under 38 U.S.C. § 7263(d), Congress has spoken on the issue of "reasonable attorney fees" under EAJA by providing for a $75 per hour cap to those fees "unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); see Elcyzyn v. Brown, 7 Vet.App. 170, 179 (1994) (holding that "the increase in the cost of living since enactment of the EAJA in 1981 may justify a fee higher than the statutorily-capped $75.... [b]ut [i]t must be noted, however, that the prevailing market rate must be used if that rate is less that the $75 plus a cost of living adjustment"); see also Levernier Constr., Inc. v. United States, 947 F.2d 497, 504 (Fed.Cir. 1991) (holding that the "appellant will be awarded the lower of the prevailing rate or the statutory $75 plus any applicable enhancements").

The appellant seeks recovery of attorney fees as computed consistent with the EAJA, but he also seeks recovery of fees paid as a result of a contingency fee agreement between him and his counsel. Although an issue of first impression for this Court, the Supreme Court has spoken on the propriety of awarding contingency fee amounts under EAJA. In Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the appellant argued that the contingency nature of contingent fees should be a "special factor" relied upon to justify raising the fee rate above the $75 statutory cap. The Court found:

the contingent nature of the fee is also too generally applicable to be regarded as a 'special' reason for exceeding the statutory cap.... [EAJA was] not designed to reimburse reasonable fees without limit. Once the $75 cap is exceeded, neither the client paying a reasonable hourly fee nor the client paying a reasonable contingent fee is fully compensated.

Id. at 573, 108 S.Ct. at 2554. Relying upon this language, the Federal Circuit concluded in Phillips v. General Services Admin., 924 F.2d 1577, 1584 (Fed.Cir.1991), that the contingency fee agreement in an employment case did not warrant "special factor" justification for an enhanced hourly rate beyond the $75 statutory cap under EAJA. There the Court awarded EAJA fees based on the lodestar computations, but did not enhance the fee based on a contingency fee agreement. The lodestar computation, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," was adopted by this Court in Elcyzyn, and such a method of computation is also appropriate in this case, without enhancement because of the contingency fee agreement payment. Elcyzyn, 7 Vet.App. at 176 (quoting Hensley v. Eckerhart, 461 U.S. 424,

433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)); *see Pierce, supra; Phillips, supra.*

■ Finally, the appellant may be awarded EAJA fees for the time spent preparing and defending this successful EAJA application. *See Commissioner, INS v. Jean,* 496 U.S. 154, 166, 110 S.Ct. 2316, 2323, 110 L.Ed.2d 134 (1990) (holding that "Congress intended EAJA to cover the cost of all phases of successful civil litigation addressed by the statute"); *see also Cook v. Brown,* 6 Vet.App. 226, 240 (1994) (stating that "[i]t is unquestioned that EAJA fees are available for litigation over the EAJA application itself and that an award of fees and expenses for that purpose would generally follow from success in the basic EAJA application itself").

### C.

■ The appellant has also claimed $94.03 in expenses, and the Secretary has not contested the reasonableness of this amount. The EAJA authorizes the award of "fees and other expenses." 28 U.S.C. § 2412(d)(1)(A). In *Oliveira v. United States,* 827 F.2d 735, 744 (Fed.Cir.1987), the Federal Circuit stated:

> [T]he trial court, in its discretion, may award only those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried.... In contrast, expenses of an attorney that are not incurred or expended solely or exclusively in connection with the case before the court, or which expenses the court finds to be unreasonable or unnecessary in the pending litigation, cannot be awarded under the EAJA.

*See Elcyzyn,* 7 Vet.App. at 183 (awarding computer research costs incurred "in preparation for the proceedings before this Court, [since] such costs are customarily charged to the client where these proceedings took place"). Here, the appellant claimed expenses for telephone, photocopy, facsimile, and Federal Express services, and for computerized legal research. Since the amount claimed is reasonable and such expenses are "those customarily charged to the client where the case is tried," the $94.03 is recoverable as an "expense" under EAJA. *Elcyzyn, supra.*

### III.

The appellant's Application for Attorney Fees and Expenses is granted in an amount to be computed in accordance with *Elcyzyn, supra.* The claim for $49,355.44, representing the amount paid by the appellant to his counsel pursuant to the terms of his contingency fee agreement, is disallowed as nonrecoverable under EAJA. Further, should the parties need assistance in resolving differences in the amount of the attorney fees and expenses to be awarded in accordance with this opinion, a conference with the Court's Central Legal Staff may be requested pursuant to Rule 33 of this Court's Rules of Practice and Procedure. *See Curtis v. Brown,* 8 Vet.App. 104, 108–09 (1995); *ZP v. Brown,* No. 92–1303, at 2, 1993 WL 475414 (per curiam order July 11, 1995).

It is so ORDERED.