**Lewis D. KNIGHT, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 93–818.**

United States Court of Veterans Appeals.

Sept. 28, 1995.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

### ORDER

PER CURIAM.

On April 5, 1995, the appellant filed an application seeking an award of reasonable attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Judgment on the merits of the appellant's case had been entered on March 29, 1995, affirming the decision of the Board of Veterans' Appeals. On July 14, 1995, the Secretary filed a motion to dismiss the appellant's application for attorney fees and expenses and to stay further proceedings.

The Secretary moved to dismiss the appellant's application for failure to comply with requirements of 28 U.S.C. 2412(d) and U.S.Vet.App.R. 39(b) that, inter alia, an EAJA application must allege that the appellant was a prevailing party. The EAJA statute provides: "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party...." 28 U.S.C. § 2412(d)(1)(B). In addition, Rule 39 of the Court's Rules of Practice and Procedure, implementing the statute, requires an EAJA application to include "a statement that the applicant is a prevailing party."

The appellant in his application, far from asserting or showing that he prevailed, admits that he did not. ("The case did not prevail in the Appeals Court decision of 3/29/95." Appellant's Application for Attor-

ney Fees and Expenses at 1.) An assertion of prevailing party status in a timely filed EAJA application is one prerequisite to the exercise of this Court's jurisdiction over the application. *Cf. United States v. Hopkins Dodge Sales, Inc.*, 707 F.Supp. 1078, 1081 (D.Minn.1989) (showing of eligibility for EAJA award in EAJA application is jurisdictional); *Jensen v. Brown*, 8 Vet.App. 140 (1995) (per curiam order).

Upon consideration of the foregoing, it is

**ORDERED** that the Secretary's July 14, 1995, motion is granted and the appellant's application for reasonable attorney fees is DISMISSED for lack of jurisdiction.