**Charles W. BAZALO, Patrick F. Burke and Bobby L. Hamilton, Appellants,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

Nos. 93–660, 94–49 and 92–1260.

United States Court of Veterans Appeals.

Aug. 16, 1996.

AnnMarie D. Mulcahey Leikauf, Somerville, NJ, was on the brief, for appellant Charles W. Bazalo.

Nathan Sheers, Washington, DC, was on the brief, for appellant Patrick F. Burke.

William T. Bogue, Ventura, CA, was on the brief, for appellant Bobby L. Hamilton.

Mary Lou Keener, General Counsel, Atlanta, GA; Norman G. Cooper, Assistant General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; Edward V. Cassidy, Jr., Barbara J. Finsness, Washington, DC, and Michele Russell Katina, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN *, HOLDAWAY, IVERS, and STEINBERG, Judges.

IVERS, Judge, filed the opinion of the Court. STEINBERG, Judge, filed an opinion concurring in part and dissenting in part.

IVERS, Judge:

These cases are before the Court on the appellants' applications for award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Because the three cases present a common question, we decide them in a single opinion. The issue presented in these cases is whether an appellant may correct a timely, but defective, EAJA application (i.e. one which fails to meet each of the jurisdictional requirements set forth in 28 U.S.C. § 2412(d)(1)(B)) after the 30–day filing period has expired. We hold that an appellant must submit a complete, non-defective, application within the 30–day period. An appellant, thereafter, may amend or supplement the application, but each of the mandatory requirements must be met within the statutory filing period. Applications which do not meet all of the jurisdictional requirements will be dismissed.

---

* Judge Mankin was assigned to and participated

## I.  FACTUAL BACKGROUND

### A.  The Bazalo Case

On September 29, 1994, the Court granted a joint motion to remand the matter to the BVA. Judgment was final on that date. On October 31, 1994, the appellant filed an EAJA application. The appellant alleged that he was a prevailing party and that the Secretary's position was not substantially justified, and he submitted the hourly fees and an accounting of the services provided. Subsequently, the appellant submitted a revised list of fees and expenses. On May 31, 1995, the Secretary filed a response alleging that the Secretary's position was substantially justified and, in the alternative if the Court should decide to award EAJA fees, the fees requested are excessive and should be reduced. On July 25, 1995, the appellant filed a response arguing that the government's position was not substantially justified and that the hourly fee was reasonable.

On August 24, 1995, the Secretary filed a motion to dismiss the appellant's EAJA application for lack of subject matter jurisdiction, stating that the appellant's EAJA application did not allege that the appellant was an eligible party, nor did it contain an affidavit that the appellant's net worth did not exceed $2,000,000. The Secretary noted that the appellant had not moved to file an amendment to the EAJA application within the jurisdictional time period.

### B.  The Burke Case

Pursuant to their stipulated agreement, the parties filed a joint motion to dismiss with regard to one claim, and to remand a second claim. On February 22, 1995, the Court dismissed the second claim as not well-grounded. The appellant filed a motion for panel reconsideration or, in the alternative, for review by the full Court. On June 15, 1995, the Court denied the appellant's motion for reconsideration, and clarified that when the appellant submitted a well-grounded claim to the regional office, he would be entitled to have the claim fully adjudicated.

The appellant filed his application for reasonable attorney fees and expenses under

---

in this case, but died before its final disposition.

EAJA on August 29, 1995. On September 28, 1995, the Secretary filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the EAJA application was untimely because the Court had dismissed the appeal. Pursuant to Rule 41(b) of this Court's Rules of Practice and Procedure the order of dismissal constituted the mandate of this Court. The Secretary's contention is that the EAJA application should have been filed on or before March 24, 1995, and that the appellant's motion for reconsideration filed on March 27, 1995, should have contained a motion for leave to file a motion to recall the mandate and modify judgment. The Secretary also argues that, even if the Court were to construe the appellant's March 27, 1995, motion for reconsideration as a motion for leave, the EAJA application would still have been due on July 17, 1995, 30 days following the Court's denial of the motion for reconsideration on June 15, 1995. The appellant filed a response to the Secretary's motion on October 10, 1995, along with a motion for the Court to find the Secretary in default and to award EAJA fees.

The Court does not accept the Secretary's version of events as they relate to the timeliness of the EAJA application. It is clear from the record that this Court's judgment was entered on June 15, 1995, and that the mandate was entered on August 14, 1995. The appellant filed his EAJA application within the 30–day filing period. The appellant referenced each of the elements of EAJA. Although he did not include a statement as to his net worth, the appellant did state that his net worth did not exceed $2,000,000, with a footnote that the appellant would submit a statement of net worth, if contested. *See* Appellant's Application for Attorney Fees and Expenses (Appl.) at 3.

### C. The Hamilton Case

On November 30, 1993, this Court vacated the decision of the BVA and remanded the case for readjudication of the appellant's claim. Judgment was entered on March 24, 1994. The mandate was issued on May 25, 1994. On June 6, 1994, the appellant filed an EAJA application. Counsel stated that he had supplied professional services to the appellant and attached an itemized list for his time and charges. On July 25, 1994, the appellant filed a motion to amend his EAJA application, stating that through mistake and inadvertence, he had neglected to allege, as required by the statute, that the position of the United States was not substantially justified. The Secretary filed a motion to dismiss the appellant's EAJA application. The Secretary argued that the application did not comply with the statute because the appellant did not allege that he is a prevailing party, that he is eligible to receive EAJA awards, and that the position of the United States was not substantially justified, and did not specify what position or positions were not substantially justified. The Secretary reserved his response concerning the EAJA application until the Court rules on the appellant's motion to amend his application.

On March 23, 1995, the Court ordered the Secretary to file a supplemental memorandum addressing whether this Court has the authority to permit the appellant to amend his EAJA application. The Secretary, in his response, restated his contentions that the appellant's EAJA application should be dismissed because he did not comply with the EAJA statutory requirements, in that he had failed to allege that he was a prevailing party, that he had failed to allege that he was an eligible party, that he had not submitted an affidavit that his net worth did not exceed $2,000,000, and that he had not alleged that the position of the United States was not substantially justified. The Secretary argued that, since the motion to amend did not include all the requirements of EAJA, his application should be dismissed because EAJA is a waiver of the sovereign immunity of the United States and, therefore, must be strictly construed.

The appellant has filed another motion to amend his EAJA application on April 22, 1996, requesting that the Court judicially note the presence of all the EAJA requirements in his application and also including an updated declaration of net worth.

## II. ANALYSIS

### A. The EAJA Text and Rule 39(b)

The EAJA is codified in 28 U.S.C. § 2412 (1991) and provides, in relevant part:

A party seeking an award of fees and other expenses *shall,* within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party *shall* also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to·act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) (*emphasis added*). On October 29, 1992, Congress enacted section 506 of the Federal Courts Administration Act, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992). Section 506(a) amended 28 U.S.C. § 2412(d)(2)(F) to make the EAJA applicable to this Court. *See Stillwell v. Brown,* 6 Vet.App. 291 (1994); *Elcyzyn v. Brown,* 7 Vet.App. 170 (1994).

The basic requirements under the EAJA statute were incorporated into Rule 39 of the Court's Rules of Practice and Procedure which provides, in relevant part:

(a) Time for Filing. An application pursuant to 28 U.S.C. § 2412 for award of attorney fees and other expenses in connection with an appeal must be filed with the Clerk within 30 days after this Court's judgment becomes final.

(b) Content. The application .... *must* include:

(1) a statement that the applicant is a prevailing party and is eligible to receive an award;

(2) identification of the specific position or positions of the Secretary that the appellant alleges were not substantially justified; and

(3) an itemized statement from the applicant's attorney as to each type of service which was rendered....

U.S.Vet.App.R. 39(a),(b)(1)–(3) (*emphasis added* ).

■ To summarize, under both the EAJA statute and Rule 39(b), the requirements for a complete, non-defective EAJA application are: (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is eligible for an award; (3) an allegation that the government's position is not substantially justified; and (4) an itemized statement of the fees sought. *See Lematta v. Brown,* 8 Vet.App. 504 (1996). Since 28 U.S.C. § 2412(d)(1)(B) and Rule 39(b) include the mandating terms "shall" and "must" respectively, no EAJA application can be considered and fees awarded until *all* of the jurisdictional requirements are met. *See id.* at 507 (appellant may not be awarded attorney's fees under the EAJA unless all requirements are met).

### B. Jurisdictional Requirements

■ The requirements presented in 28 U.S.C. § 2412(d)(1)(B) and the Court's Rule 39(b) are clear, and any application for attorneys fees that does not meet these requirements is defective. The answer then, to the question whether, after the expiration of the 30–day filing period, an appellant may complete his defective application, must be no. However, an appellant may be permitted to amend or supplement his or her non-defective application after the 30–day filing period.

■ Since the EAJA is a waiver of the sovereign immunity of the United States, its provisions are to be strictly construed in the government's favor. *Grivois v. Brown,* 7 Vet.App. 100, 101 (1994) (citing to *Ardestani v. Immigration & Naturalization Serv.,* 502 U.S. 129, 136–37, 112 S.Ct. 515, 520–21, 116 L.Ed.2d 496 (1991); *Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986)). The Eighth Circuit has held that the submission of a timely EAJA·application is a jurisdictional prerequisite to governmental liability for attorney's fees. *See Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991). We agree. *See Grivois, supra.* The Second Circuit has held that the

EAJA's 30–day filing deadline is to be strictly enforced and may not be waived. *Federal Election Com'n v. Political Contrib. Data*, 995 F.2d 383 (2nd Cir.1993); *see also Howitt v. U.S. Dept. of Commerce*, 897 F.2d 583, 584 (1st Cir.1990), *cert. denied*, 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990). Failure to submit an EAJA application within 30 days of final judgment precludes this Court from considering the fee application's merits. *Grivois, supra* (citing *Lord Jim's v. NLRB*, 772 F.2d 1446, 1449 (9th Cir.1985)).

The EAJA's 30–day deadline requirement puts the government on notice that the appellant is seeking attorney fees. *See Action on Smoking & Health v. CAB*, 724 F.2d 211, 225 (D.C.Cir.1984); *Grivois, supra*. Once the appellant has filed a timely EAJA application, the Court examines the contents of the application, the record on appeal, and the filings of the parties to determine whether all other jurisdictional requirements have been substantially met. *See Tucker v. U.S. Postal Service*, 676 F.2d 954 (3rd Cir.1982); *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

▮ With respect to the first jurisdictional requirement, this Court has held that to comply properly with the requirements of 28 U.S.C. § 2412(d)(1)(B), an appellant must show that he or she is a prevailing party. *Knight v. Brown*, 8 Vet.App. 212 (1995) (per curiam order) ("An assertion of prevailing party status in a timely filed EAJA application is one prerequisite to the exercise of this Court's jurisdiction over the application"); *see also Lematta*, 8 Vet.App. at 507 (prevailing party status may be proven in one of three ways: (1) show of success on merits; (2) proof as a result of "catalytic effects"; (3) or proof under an "inevitable victory" theory). With respect to (1), in *Shalala*, the Supreme Court held that a remand which relieves a party from an adverse decision satisfies the prevailing party requirement because it represents " 'succe[ss] on any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing the suit.' " 509 U.S. at 302, 113 S.Ct. at 2632 (quoting *Texas Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866

(1989)); *see also Stillwell*, 6 Vet.App. at 300. In sum, regardless of the method of proof, the appellant must show prevailing party status by both asserting such status and demonstrating how he or she attained such status. *See e.g., Lematta, supra; Shalala, supra.*

▮ Under the EAJA, the appellant is also required to show that he or she is a party eligible for an EAJA award. *Jurgens v. Brown*, 8 Vet.App. 197, 199 (1995); *Golliday v. Brown*, 7 Vet.App. 249, 253 (1994); *Stillwell*, 6 Vet.App. at 298. Satisfying eligibility for an EAJA award is jurisdictional. *United States v. Hopkins Dodge Sales, Inc.*, 707 F.Supp. 1078, 1081 (D.Minn.1989). An EAJA applicant must meet a net worth requirement by indicating a net worth not exceeding $2,000,000. 28 U.S.C. § 2412(d)(1)(B)(i); · *Golliday*, 7 Vet.App. at 249. Although a Court retains "substantial discretion" in fixing the amount of an EAJA award, eligibility for such an award must be established by meeting the conditions of 28 U.S.C. § 2412. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 2321–22, 110 L.Ed.2d 134 (1990). The eligibility provision pertains to eligibility at the time the appeal was *filed*. A showing of eligibility may be made by stating in the application that the appellant's net worth at the time the appeal was filed did not exceed $2 million. Alternatively, in a case where the appellant has filed in forma pauperis (IFP), such a showing may be made simply by referencing the IFP ruling. ·

▮ The applicant must also allege that the government's position was not substantially justified. *See Ardestani, Shaw, all supra; Jean*, 496 U.S. at 158, 110 S.Ct. at 2318–19. To "allege" means to state, recite, claim, assert, or charge. BLACK'S LAW DICTIONARY, 75 (6th ed. 1990). Once that allegation is made, the government has the burden of proving that it was substantially justified in its position. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986) (per curiam); *see Gavette v. OPM*, 808 F.2d 1456, 1467 (Fed. Cir.1986) (en banc); *see also Essex Electro Engineers, Inc. v. United States*, 757 F.2d 247, 252 (Fed.Cir.1985). In establishing substantial justification, the government must show that its position had a reasonable basis

in law and fact. *Pierce v. Underwood,* 487 U.S. 552, 565–66, 108 S.Ct. 2541, 2550–51, 101 L.Ed.2d 490 (1988) (government's position should be "justified to a degree that could satisfy a reasonable person" to defeat an EAJA application). In sum, the appellant must allege, though he need not show, that the government's position lacks substantial justification.

■■■ If the appellant does not *show* that he is a prevailing party, *show* that he is eligible to receive an award, and *allege* that the government's position is not substantially justified, within the 30–day period, the application is deemed defective and will be dismissed. In addition, the last jurisdictional requirement that an appellant must satisfy within the 30–day application period is the filing of the itemized statement of the fees and expenses sought.

### C. Amending a Defective Application

At least one court has permitted the amendment of a timely filed EAJA application which is defective in content. *See Dunn v. United States,* 775 F.2d 99, 103 (3rd Cir.1985) ("while the time for filing a claim must be strictly complied with, deficiencies in the contents of the claim may be corrected if the government cannot show any prejudice arising from the later correction of those deficiencies"). In *Dunn,* the Third Circuit analyzed section 2412(d)(1)(B) as containing two requirements which serve different purposes: "a time for filing, and a standard for pleading." *Id.* at 103. The Third Circuit held that an amendment to a timely filed EAJA application was not subject to jurisdictional requirements, but rather, was subject to pleading requirements, which would permit the supplementation of the application, including the submission of affidavits detailing the amount of fees sought. *Id.* at 104–05. The plaintiff in *Dunn* filed a timely petition for attorney fees under EAJA but failed to include detailed information regarding the fees. The Third Circuit reasoned that, in the interest of finality and reliability, time bars for filing a claim should be strictly construed, but that "deficiencies in the contents of the claim may be corrected if the government cannot show any prejudice arising from the

later correction of those deficiencies." *Id.* at 103 (citing to *Tucker, supra* ).

While the Third Circuit permitted the correction of a defective application after the 30–day period had expired, that ruling is weak authority to support an appellant's argument before this Court that his defective application should be considered after the 30–day deadline. Unlike this Court, the Third Circuit has no specific rule that incorporates the EAJA jurisdictional requirements into court practice and procedure. Instead, the Third Circuit has a significantly less stringent *pleading* requirement for obtaining attorney's fees. The Third Circuit's Rule 108 contains only some of the mandatory requirements that appear in this Court's Rule 39 and in 28 U.S.C. § 2412(d)(1)(B). The Third Circuit rule has no prevailing party requirement or requirement that the application contain an allegation that the government's position was not substantially justified. The Third Circuit's rule even allows for exceptions to the 30–day filing period under extraordinary circumstances. Its Rule 108.1(b) states: "The Court shall strictly adhere to the time set forth above and grant exceptions only in extraordinary circumstances." Thus, the Third Circuit's rule is comparably far more relaxed than the rule in this Court. It is evident from the *Dunn* opinion that the Third Circuit took the EAJA application and reviewed it under its own pleading requirements rather than the jurisdictional requirements of 28 U.S.C. § 2412(d)(1)(B). This Court's Rule 39 follows the EAJA's mandatory requirements, while the Third Circuit's rule does not. Therefore, reliance upon the *Dunn* decision as a basis for circumvention of the EAJA requirements is unpersuasive.

■■■ Although we conclude that the requirements of EAJA are mandatory in nature, timely pleadings addressing each of the requirements of EAJA may be amended or supplemented as deemed necessary by the Court or by the parties. See *Shalala,* at 302–03, 113 S.Ct. at 2632; *Action on Smoking and Health,* 724 F.2d at 224–26. However, a seriously deficient pleading cannot be treated lightly, and should result in dismissal. Counsel, unlike a pro se appellant, is

held to a higher standard and is responsible for following the dictates of the statute. *See Business Guides v. Chromatic Communications,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). Whereas the client is entitled to fees if the requirements of the statute are met, the government is entitled to counsel's compliance with the basic EAJA requirements that are clearly set forth in the statute. We conclude that no application may be considered and no EAJA fees can be awarded unless all of the jurisdictional requirements of the EAJA statute are met.

### D. Disposition of Cases

We now turn to the cases before the Court. In Bazalo, the appellant failed to show, within the 30–day filing period, that he is an eligible party. He neither stated that his net worth did not exceed $2,000,000 nor referenced an IFP filing. The Court will dismiss this application as defective. The showing of eligibility is a jurisdictional requirement, not merely a notice requirement, and thus, is a prerequisite to government liability. *See Hopkins Dodge Sales, Inc.,* 707 F.Supp. at 1081; *Jurgens,* 8 Vet.App. at 199. The EAJA clearly states that an EAJA application "shall" show eligibility status within 30 days of final judgment. The appellant in this case did not meet this requirement. Accordingly, this Court is without jurisdiction to consider the matter.

In the Burke case, the Court holds that the appellant submitted a timely EAJA application and addressed each of the requirements of the statute. Appellant's counsel, as an officer of the Court, has stated that his client's net worth did not exceed $2,000,-000 at the time of filing and has offered to provide documents *showing* that his client's net worth is under the jurisdictional amount, if necessary. Appellant's Appl. at 3. The appellant did not seek a waiver to proceed IFP. Therefore, while the Court interprets the statute as requiring that the appellant show that he is eligible (i.e. that he meets the net worth requirement) at the time of filing, counsel's efforts in this regard are adequate to meet the requirements of the statute. Therefore, the Court has jurisdiction to entertain the Burke application.

With regard to the Hamilton case, the Court is without jurisdiction for the following reasons. First, the appellant filed an EAJA application requesting payment for, and attached an itemized list of, his counsel's time and charges. Subsequently, after the expiration of the 30–day filing deadline, the appellant filed a motion to amend his application stating that he had neglected to allege that the position of the United States was not substantially justified. As indicated in part II.B., *supra,* this allegation is a jurisdictional prerequisite. A second motion to amend was filed in which the appellant argued that his application, under *Shalala,* showed that he was a prevailing party and that he was eligible to receive an EAJA award. Although it is true that the appellant was a prevailing party under *Shalala,* his application failed to show prevailing party status and failed to demonstrate how such status was obtained. Additionally, eligibility must be shown within the 30–day filing period by either stating in the application that the applicant's net worth did not exceed $2 million at the time the case was filed or by referencing an IFP filing. The appellant failed to do either. While it is true that he did file his appeal IFP, an application including that information was not filed within the requisite 30–day period. Where an application is deficient in that it fails to address each requirement of the statute and where the sovereign has waived immunity, it would be prejudicial to the government to allow a later correction of those deficiencies. *Ardestani, Shaw, Welter, and Tucker, all supra.* Therefore, the Court is without jurisdiction to consider this matter.

### III. CONCLUSION

In light of the above analysis, the Court holds that an appellant must submit a complete, non-defective, application within the 30–day period. This holding today supersedes Court Rule 39(b), and that rule is revoked by the Court by a separate order issued on this date.

This opinion should assist attorneys in understanding what requirements must be met in order for them to obtain compensation for their services. One goal of the EAJA was to

promote quality legal representation for many veterans. By articulating the jurisdictional requirements clearly in this opinion, we aim to promote this goal.

STEINBERG, Judge, concurring in part and dissenting in part:

I join in the Court's action dismissing the *Hamilton* application and holding that the *Burke* application may proceed. I dissent from the dismissal of the *Bazalo* application, which was filed in compliance with Rule 39, a special rule governing applications under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), of this Court's Rules of Practice and Procedure (Court Rules). More fundamentally, I dissent from the Court's imposition of retroactive jurisdictional requirements—in derogation, retroactively, of this special Court Rule adopted after publication and opportunity for public comment. *See* Misc. Ord. 1–93 (Feb. 3, 1993) (proposing for public comment and adopting as interim rules Court Rules 36 and 39). Finally, I dissent as to the liberties taken with the *Burke* facts in order to permit the Court to avoid dismissing that application,[1] as the plain application of the Court's "jurisdictional requirements [articulated] clearly in [the majority] opinion", *ante* at 312, would require.

### I. Introduction

In the appeal of *Jones v. Brown*, 6 Vet. App. 101 (1993) (en banc), this Court's restriction on the availability of EAJA awards was rejected by the Federal Circuit. *Jones v. Brown*, 41 F.3d 634 (Fed.Cir.1994). Today, the Court imposes post-facto "jurisdictional" requirements as the basis for dismissing two of the three EAJA-fee applications at issue, and, as noted above, does so in one case—*Bazalo*—despite the appellant's compliance with Rule 39(b) of the Court Rules. It seems altogether inexplicable that a Court with by far the highest pro se rate (about eighty percent) of any federal appellate court

would continue to strain so mightily[2] to adopt restrictive interpretations—here imposed retroactively—of an attorney-fee provision designed to remove disincentives to attorney representation and expressly made applicable by Congress to appeals in that Court.[3] Hence, just as I dissented from the Court's unwarranted en banc action in *Jones, supra,*[4] so do I dissent from this en banc opinion.

Moreover, the weakness of the Court's opinion is magnified by the Court's contemporaneous unwillingness to apply its newly found jurisdictional rules to the facts of the *Burke* application. Whereas the Court states that it is articulating the EAJA-application requirements "clearly" to "assist attorneys in understanding what requirements must be met in order for them to receive compensation for their services", *ante* at 311, it allows the *Burke* EAJA application to proceed even though it does not meet the strict "jurisdictional" requirement the majority purports to be adopting.

The course I believe the Court should be following today is set forth below, along with the basis for my dissenting position.

### II. Analysis

The Secretary has moved for dismissal of each of the three EAJA applications for failure to comply with 28 U.S.C. § 2412(d)(1)(B) and Rule 39(b) of the Court Rules. As to appellants Hamilton and Bazalo, the Secretary argues that they should not be permitted to supplement, after the expiration of the 30–day filing period, applications that the Secretary asserts do not meet the requirements of section 2412(d)(1)(B) [hereinafter "content requirements"] as to what an application filed within the 30–day period must contain. The Secretary's position is that if those content requirements are not met within the 30–day application-filing period, then the Court has no jurisdiction to entertain the

---

1. *See* part II.F.3., *infra.*

2. *See also Felton v. Brown*, 7 Vet.App. 276 (1994) (denying EAJA fees on basis that Secretary had been "substantially justified" in adopting regulation Court had held in merits litigation to be in conflict with plain meaning of statute); *but see id.* at 287 (Steinberg, J., dissenting).

3. *See* Federal Courts Administration Act, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (amending 28 U.S.C. § 2412(d)(2)(F) to bring proceedings in this Court under the EAJA).

4. *Jones v. Brown*, 6 Vet.App. 101, 110 (1993) (en banc) (Steinberg, J., dissenting).

EAJA application and it must be dismissed. As to appellant Burke, the Secretary contends that the application must be dismissed as untimely or, in the alternative, because a content requirement was not met even if the application is held to have been timely filed. The Secretary thus urges the Court to dismiss all three applications for lack of jurisdiction on the ground that EAJA applications cannot be supplemented after the expiration of the 30–day filing period.

### A. EAJA Statute and Court Rule

The EAJA statute applicable to this Court provides:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court *an application* for fees and other expenses *which shows* that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record....

28 U.S.C. § 2412(d)(1)(B) (emphasis added); *see also* 28 U.S.C. § 2412(d)(2)(F) (specifically bringing proceedings in the Court under the EAJA). The term "party" is defined in the statute as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed...." 28 U.S.C. § 2412(d)(2)(B)(i).

Rule 39 of the Court Rules provides in part:

(a) **Time for filing.** An application pursuant to 28 U.S.C. § 2412 for award of attorney fees and other expenses in connection with an appeal must be filed with the Clerk within 30 days after this Court's judgment becomes final. See also 28

U.S.C. § 2412(d)(2)(G) and 38 U.S.C. § 7291(a).

(b) **Content.** The application, in an original and three copies with proof of service on the Secretary, must be captioned with the name and docket number of the proceeding in this Court for which an award is sought. It must include:

(1) a *statement* that the applicant is a prevailing party and is eligible to receive an award;

(2) identification of the specific position or positions of the Secretary that the applicant alleges were not substantially justified; and

(3) an itemized statement from the applicant's attorney as to each type of service which was rendered, describing:

(A) the nature of the service;

(B) the actual time expended for which a fee is sought;

(C) the rate at which fees are computed; and

(D) the amount sought;

and an itemized statement of expenses for which reimbursement is sought.

U.S.Vet.App.R. 39 (boldface italic added). Hence, the Court's rule for filing a timely EAJA application requires as to "prevailing party" and "party ... eligible" status that only a "statement" of such status is required to be included in an EAJA application.

### B. Caselaw

There is broad agreement in this Court's caselaw and in federal caselaw generally[5] that the 30–day EAJA filing period is jurisdictional, and this Court has held that the 30–day period cannot be extended—that is, an EAJA application filed after the 30–day period will be dismissed. *See, e.g., Grivois v. Brown,* 7 Vet.App. 100, 101 (1994).

Federal courts are split on the issue whether a timely EAJA application may be supplemented as to the section 2412(d)(1)(B) content requirements after the 30–day filing period has expired. The leading case hold-

---

5. *See, e.g., J.M.T. Mach. Co. v. U.S.,* 826 F.2d 1042, 1047 (Fed.Cir.1987); *Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir.1990); *Howitt v. U.S.*

*Dept. of Commerce,* 897 F.2d 583, 584 (1st Cir. 1990).

ing that such supplementation is allowable is *Dunn v. United States*, 775 F.2d 99 (3d Cir.1985). The Third Circuit's rationale for allowing supplementation there was that there is a distinction between the 30–day filing requirement of section 2412(d)(1)(B), which merely requires a filing sufficient to put the government on notice that EAJA fees are being sought, and the "pleading" requirements, because "[t]he two requirements serve different purposes." *Id.* at 103. The filing requirement serves the purposes of "finality and reliance", whereas the pleading requirements are for "fleshing out of the details". *Id.* at 104. Thus, the Third Circuit held that, "absent prejudice to the government or noncompliance with court orders for timely completion of the fee determination", a court may consider and grant a motion to supplement an EAJA application. *Ibid.* *Dunn* itself concerned a timely-filed application that "mention[ed] neither a specific amount of fees requested, nor an itemized statement of the actual time expended and the rate at which fees and expenses are computed." *Id.* at 101. Supplementary affidavits with itemized fee statements were filed within three weeks after the 30–day time limit had expired in *Dunn. Id.* at 102.

In *Lee v. Johnson*, a case where an EAJA fee application did not contain a statement that the appellant's net worth did not exceed the EAJA statutory limit, the Third Circuit stated in dictum that *Dunn* would allow such "technical deficiencies in the allegation in a fee application [to be] cured after the expiration of the [EAJA] thirty-day time limit." *Lee v. Johnson*, 799 F.2d 31, 35 n. 4 (3d Cir.1986). In a case where an EAJA application was timely filed and a supplemental application (with an itemized fee statement and an allegation of lack of substantial justification) was filed after the 30–day filing period had expired, a district court, citing *Dunn*, allowed the supplementation. *City of Brunswick v. United States*, 661 F.Supp. 1431, 1438–39 (S.D.Ga.1987).[6] The Federal Circuit, in *J.M.T., supra note 5*, distinguished that case from *Dunn* on the grounds that in

*J.M.T.* no EAJA application, not even a defective one, was filed within the 30–day period, but did not criticize *Dunn.*

The only case holding that an EAJA application cannot be supplemented as to the section 2412(d)(1)(B) content requirements after the expiration of the 30–day filing period (a deadline which, the *Hopkins Dodge* court stated, "Congress intended ... be strictly enforced") is the district court decision in *United States v. Hopkins Dodge Sales, Inc.*, 707 F.Supp. 1078, 1080 (D.Minn.1989), relied on by the Secretary and the Court. In *Hopkins Dodge*, the district court expressly disagreed with the Third Circuit in *Dunn*, and held that the court did not have jurisdiction over an EAJA application that did not meet all the content requirements of section 2412(d)(1)(B) as submitted and supplemented within the 30–day jurisdictional filing period. The court dismissed the application because the defendants had "fail[ed] to show eligible status in a timely fashion" and had "failed to timely document their fees". *Hopkins Dodge*, 707 F.Supp. at 1081; *see also Dunn*, 775 F.2d at 105 (Adams, J., dissenting).

As the above discussion illustrates clearly, there is caselaw to support both interpretations of the EAJA and there is greater authority behind the *Dunn* approach. Faced with choosing whether to adopt a highly restrictive and harshly retroactive interpretation (*Hopkins Dodge* ) or a less forbidding 30–day requirement (and perhaps a *prospective* restrictive Court Rule), the Court today opts for a retroactive approach that would seem to augur (I hedge somewhat because of the Court's strained treatment of the *Burke* application facts) disqualification of the maximum number of EAJA applications, including those filed in compliance with and reliance upon the Court's own EAJA-application Rule 39. Not only does this approach frustrate the will of Congress in expressly making the EAJA applicable to this Court,[7] but it also contradicts the Supreme Court's recent charge that in construing a statute "interpre-

---

6. The Eleventh Circuit reversed the district court on other grounds without mentioning the supplementation issue, but the "other grounds" were issues that would not have been reached had the

application been defective. *City of Brunswick v. United States*, 849 F.2d 501 (11th Cir.1988).

7. *See supra* note 3.

tive doubt is to be resolved in the veteran's favor". *Brown v. Gardner,* —— U.S. ——, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (citing *King v. St. Vincent's Hosp.,* 502 U.S. 215, 220–21, n. 9, 112 S.Ct. 570, 574 n. 9, 116 L.Ed.2d 578 (1991)).

### C.  Court's Holding

I strongly disagree with the Court's decision today to adopt (except to the extent that its treatment of the *Burke* application belies what the majority purports to hold) the *Hopkins Dodge* rationale that the content requirements of 28 U.S.C. § 2412(d)(1)(B) are jurisdictional and must be strictly enforced— that is, that those content requirements must be satisfied within the 30–day filing period. Again, I stress that neither the weight or unanimity of caselaw nor any precedential opinion on the part of the Supreme Court or the U.S. Court of Appeals for the Federal Circuit requires so narrow an interpretation of the EAJA, especially when applied against the interests of veterans, *see Gardner, supra.* Indeed, it is well established that an EAJA application may be supplemented as to "fees for fees".[8]  Hence, it seems incontestable that the requirement to specify in the application "the amount sought, including an itemized statement", is not absolute and may be satisfied after the expiration of the 30–day period.  There is no compelling reason to hold, therefore, that other content requirements, arising from the very same EAJA provision, cannot also be satisfied after the 30–day period.

The Secretary and the Court rely on the argument that waivers of sovereign immunity are to be strictly construed in favor of the United States.  *Hamilton* Supplemental Mem. at 2; *ante* at 308.  Yet, in *Jones,* the Federal Circuit acknowledged that the EAJA was a waiver of sovereign immunity and recognized the strict-construction rule applicable to such matters (citing *Ardestani v. INS,* 502 U.S. 129, 136, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991)), but expressly rejected this Court's effort to narrow the waiver Con-

gress had provided.  *Jones,* 41 F.3d 634, 638 (Fed.Cir.1994), *rev'g* 6 Vet.App. 101, 103–04, 107 (1993).  The Federal Circuit held as follows:

> However, Congress has waived sovereign immunity for costs and fees in all pending cases and appeals at the Court of Veterans Appeals and the Federal Circuit.  Once Congress has waived sovereign immunity over certain subject matter, we cannot "assume the authority to narrow the waiver that Congress intended." *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979).

*Jones,* 41 F.3d at 638.  That same analysis should be applied in the cases before us to the narrowing, sought by the Secretary and granted by the Court, of the waiver provided by Congress.

Accordingly, the Court is free to hold, and I would do so, that as long as the application for fees is filed within the 30–day period that is enough to give this Court jurisdiction to make an EAJA award.  The Court should adopt the Third Circuit's *Dunn* interpretation of the EAJA statute as to the nonjurisdictional nature of the content requirements and that court's conclusion that the timely-filing requirement, which *is* jurisdictional, generally ensures that the government will be put satisfactorily on notice of the appellant's intent to seek EAJA fees.  Furthermore, in cases where the government could show that it would be prejudiced by an amendment of an EAJA application after the application-filing period has expired, the Court would certainly have discretion to refuse to allow such an amendment; thus, any possible prejudice to the Department of Veterans Affairs could be averted.  *See Dunn,* 775 F.2d at 104 (court may refuse to allow supplementation in cases of "prejudice to the government or noncompliance with court orders for timely completion of the fee determination").  Moreover, the Secretary would, of course, be free under the *Dunn* approach to challenge the accuracy of any assertion made

---

**8.** *See Commissioner, INS v. Jean,* 496 U.S. 154, 163 n. 10, 110 S.Ct. 2316, 2321 n. 10, 110 L.Ed.2d 134 (1990); *Doria v. Brown,* 8 Vet.App. 157, 165 (1995) (giving appellant period of 30 days after opinion issued, which was over 18 months after EAJA filing period had expired, to file fees-for-fees amendment to EAJA application); *see also Curtis v. Brown,* 8 Vet.App. 104, 108 (1995).

by an appellant in connection with satisfaction of the content requirements.

## D. Specific Application Content Requirements

There are five predicate findings that the Court must make before it may make an EAJA award: (1) That the party has filed an EAJA application within 30 days after judgment became final; (2) that the appellant is a prevailing party; (3) that the appellant is eligible for an award in terms of net worth at the time of filing the appeal in this Court; (4) that the appellant has submitted a request for a specific amount and a complying itemized statement; and (5) if contested by the Secretary, that the Secretary's position was not substantially justified.

I find no plain meaning as to the content requirements of section 2412(d)(1)(B). *See Gardner v. Derwinski*, 1 Vet.App. 584, 587–88 (1991), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed.Cir.1993), *aff'd*, — U.S. —, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (where "a statute's language is *plain*, and its meaning *clear*, no room exists for construction") (emphasis added). The major interpretive question is the meaning of the word "shows". The word "show" can be interpreted to mean *either* "make visible; exhibit; display" *or* "demonstrate by proof". WEBSTER'S NEW WORLD DICTIONARY 1242–43 (3d college ed. 1988). An argument that "show" means more than a mere assertion of "prevailing party" or "party ... eligible" status derives from the fact that, in a separate sentence, the term "allege", instead of "show", is used for the substantial-justification requirement. However, this argument is outweighed by the strong contextual argument that "shows" in section 2412(d)(1)(B) does not mean that actual proof must be submitted because the same sentence that contains "shows" also provides that the statement of the "amount sought" must "includ[e] an itemized statement". The fact that Congress provided for submission of specific

proof as to fee amount but did not so provide for showing prevailing-party or party-eligible status strongly suggests that Congress did not intend to require that actual proof of either of the latter must be submitted within the 30–day period. Moreover, the subject of "shows" in the statute is "an application", not the applicant party. I believe that that sentence structure is more consistent with the construction that the application must "display" certain elements than that the application (rather than the appli*cant*) must "prove" certain elements.

I would thus hold that, as to the requirement to "show" prevailing-party status, an *assertion* of that status is sufficient. *See Knight v. Brown*, 8 Vet.App. 212, 213 (1995) (per curiam order) ("assertion of prevailing party status in a timely filed EAJA application is one prerequisite to the exercise of this Court's jurisdiction over the application").[9] Similarly, to show eligibility to receive an award, an *assertion* that the applicant's net worth was less than $2 million dollars at the time the civil action (the appeal in this Court) was filed, *or* that he or she is a party eligible (or entitled) to receive an award, should be sufficient. *See Lee, supra* (Third Circuit dictum that allegation of compliance with net-worth requirement could be provided after expiration of 30–day filing period; *cf. Jurgens v. Brown*, 8 Vet.App. 197, 199 (1995) (Court had jurisdiction over EAJA application where appellant asserted in application that he was "eligible to receive an award" and had filed with Court, in connection with request for waiver of Court's $50 filing fee, affidavit establishing, effectively, that his net worth was less than $2 million at time civil action was filed, although no reference was made to that affidavit in EAJA application).[10] Should the Secretary in a specific case challenge the credibility of an assertion of net worth or party-eligible status, as noted in part II.C., above, the Court could ask for further evidence of eligibility.

---

**9.** The Court seems to have overruled "assertion" in that statement in *Knight* without saying so, while, at the same time, quoting this statement as direct support for imposition of a "proof" requirement rather than an "assertion" requirement. *Ante* at 309.

**10.** The Court seems to have overruled this aspect of *Jurgens,* by requiring that the application must make specific reference to the appellant's filing of the request for a filing-fee waiver; yet, the Court makes no reference to this aspect of *Jurgens. Ante* at 311.

As to the requirement to allege that the position of the government is not substantially justified, it should be sufficient for an EAJA application to make a *statement* that the Secretary's position lacked substantial justification (and I do not understand the Court to have established any greater requirement, although Court Rule 39(b)(2) requires more detail). The application should also include a *statement* of the dollar amount sought, supported by an itemized statement of the actual time expended, of the rate used to compute the total amount, and of expenses, in connection with the merits-phase representation (and again I do not understand the Court to have established any greater requirement).

### E. Prospective Rule

Notwithstanding my position as to the non-jurisdictional nature of the EAJA-application content requirements, in the interests of providing clear guidance for EAJA applicants and of promoting efficiency and prompt resolution in the adjudication of EAJA applications, I would announce (and concurrently issue a prospective revision of Rule 39 to provide) that future EAJA applications would be required, within the 30–day time period for the submission of an EAJA application (1) to show that the appellant is "a prevailing party and is eligible to receive an award"; (2) to show "the amount sought, including an itemized statement" as to the representation provided in the merits phase (but not the litigation over the EAJA application itself); and (3) to "allege that the position of the United States was not substantially justified". *See Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 220 (D.C.Cir.1984) (announcing prospective Court ruling requiring, as to section 2412(d)(1)'s EAJA application requirement of "itemized statement" of hours worked, that attorneys maintain contemporaneous time records in EAJA cases); *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir.1984) (imposing same prospective re-

quirement as to attorneys in 42 U.S.C. § 1988 cases). As to the required showings for item (1), above, I would have no objection to the prevailing-party and party-eligible requirements announced by the Court if they were not retroactively imposed and if they were adopted in clear terms [11] as part of notice-and-comment rulemaking by the Court (and, I might add, in view of the Court's treatment of the *Burke* application, if they were forthrightly applied thereafter). *See Stillwell v. Brown*, 6 Vet.App. 291, 300 (1994) (announcing concurrent issuance of proposed revisions of Court Rules 36(b) and 39(a)).

The Court's holding today announces the revocation of Court Rule 39(b) and does so retroactively. This approach and the Court's "jurisdictional" holding thus deprive future EAJA applicants of a fair notice period as to the "jurisdictional" requirements being established retroactively by the majority.[12] That is why a proposed, prospective Court Rule 39 revision would be the best and fairest approach. *See Stillwell, supra.* As noted above, I have no fundamental objection to requiring strict 30–day application pleading requirements as long as that is done prospectively and with fair notice to the Court's bar and the public. If fair notice were to be given of EAJA-application filing requirements that are clearly stated and not burdensome, I can see no reason why attorneys contemplating the representation of appellants in this Court would be deterred from providing such representation, on either a paid or pro bono basis, merely because the Court had adopted, prospectively, a rule requiring timely and complete filing of EAJA applications.

### F. Disposition of Three EAJA Applications

For the reasons stated below, I would sustain the *Bazalo* and *Burke* applications and dismiss the *Hamilton* application.

---

11. *See* part II.G., *infra.*

12. I acknowledge that the Court may be prohibited from giving such notice under the majority's holding that the content requirements are jurisdictional. *See Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66

L.Ed.2d 571 (1981) ("a jurisdictional ruling may never be made prospective only"). However, where there is more than one reasonable interpretation of a statute, the Court should not reach for the interpretation that results in inequity.

*1.  Hamilton.*  I concur with the majority's dismissal of the *Hamilton* EAJA application, although not with the rationale for that dismissal.  Appellant Hamilton waited more than one and one-half years from the date of filing of the Secretary's August 5, 1994, motion before filing a supplemental pleading seeking to amend his application.  Furthermore, his April 22, 1996, motion to amend does not state good cause for the delay.

*2.  Bazalo.*  I strongly dissent from the Court's dismissal of the *Bazalo* EAJA application.  Specifically, I would follow the Third Circuit's approach in *Dunn, supra,* and allow supplementation as to a statement of net worth at the time of the appeal, *see Lee* and *Dunn,* both *supra,* or as to the appellant having appealed here without paying the filing fee, especially because the Court Rule applicable when the *Bazalo* application was filed *required no more* than that the application "include . . . a statement that the applicant . . . is eligible to receive an award", not any proof thereof.  Although appellant Bazalo satisfied the Court Rule's requirement in his application by stating that he was "entitled" to receive an award, he is being wrongly denied an opportunity to seek EAJA fees.  This injustice is compounded by the Court's stretch to sustain the *Burke* application and by its reference to the *Burke* attorney as "an officer of the Court", a status also shared by the *Bazalo* attorney who filed an "affirmation" that her client was entitled to receive an award.

*3.  Burke.*  I would sustain the *Burke* application for the same reason I would sustain the *Bazalo* application.  But I disagree with the Court's treatment of the facts so as to avoid dismissing that application.  The majority's conclusion that the *Burke* application meets the Court's newly found strict jurisdictional requirements belies the Court's conclusion that it has "clearly" established the requirements for EAJA applications.  First, the opinion purports to hold that the EAJA "eligibility provision pertains to eligi-

bility at the time the appeal was *filed* " (emphasis in original) and that a "showing of eligibility may be made by stating in the application that the appellant's net worth at the time the appeal was filed did not exceed $2 million."  *Ante* at 309.  However, the Court's statement that Burke's counsel "as an officer of the Court, stated that his client's net worth did not exceed $2,000,000 *at the time of filing* " · misstates the actual facts.  *Ante* at 311 (emphasis added).

The *Burke* application does not contain an assertion of net worth of less than $2,000,000 *at the time of filing.*  Rather, the *Burke* application states that the appellant is "eligible to receive an award of reasonable fees and expenses because his net worth *does not exceed $2,000,000* " and offers in a footnote to "submit, at a later date, documentation of Mr. Burke's net worth at the time this action was filed if contested."  *Burke* Application at 3 (emphasis added).  The statement that the appellant's net worth "does not exceed $2,000,000" (note the present tense), even when combined with the footnote offer to provide, at a later date, documentation of net worth at the time of filing the appeal if that net-worth status is challenged, does not equal a statement that the appellant's "net worth did not exceed $2,000,000 at the time of filing".  *Ante* at 311.[13]  Hence, the majority appears to have bent its own new, retroactive rules to accept this application (which, at the time it was filed, clearly met all of the requirements of Court Rule 39), thus illustrating how very harsh the requirements are as applied retroactively and how many pending meritorious applications will have to be dismissed if those requirements are considered to be jurisdictional.

### G.  Lack of Clear Guidance

But perhaps my greatest difficulty in understanding the disposition of the *Burke* application stems from the fact that it is impossible to deduce from the Court's opinion

---

**13.**  The description of the application in the factual background in part I.B. of the opinion that "the appellant did state that his net worth *did* not exceed $2,000,000", *ante* at 307 (emphasis added) (while nonfactual in using "did" when the application expressly uses "does"), avoids the direct assertion in the majority's characterization (in part II.D. of the opinion) of the application, quoted in the text above, that the application made an assertion about the appellant's net worth as of the time of filing the application.

exactly what the newly announced "jurisdictional" requirements are supposed to be. In providing the majority's "clear" guidance to EAJA applicants, one wonders which, if any, of the following assertions in an EAJA application would be sufficient to meet the majority's jurisdictional party-eligibility requirement:

(1) An assertion of net worth under $2,000,000 when the appeal was filed but no statement that the party is "eligible to receive an award" under the EAJA (not expressly dealt with at all by the majority, even though "eligible" is the language of the statute).

(2) An assertion of net worth under $2,000,000 when the appeal was filed and no statement that the party is "eligible to receive an award" under the EAJA but a statement that the party is "entitled" to receive an award (apparently this is sufficient, given the majority's discussion of the *Bazalo* application, which states as the basis for its dismissal only the net-worth requirement and does not refer to the "entitled" language).

(3) An assertion of current net worth under $2,000,000 but no statement by an officer of the Court that documentation of net worth at the time the action was filed will be filed later.

(4) An assertion that the party is "eligible to receive an award" under the EAJA and has a current net worth under $2,000,-000 but no statement by an officer of the Court that documentation of net worth at the time the action was filed will be filed later.

As to prevailing-party status, for example, must an application use those words ("prevailing party") explicitly or will a reference to what the Court did on the merits suffice? Must our opinion in *Stillwell, supra,* or the Supreme Court's opinion in *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), be cited? I could add more questions as to the party-eligibility and prevailing-party requirements, but the above are sufficient to reveal the vagueness of the majority's exercise in retroactive rulemaking without the discipline of a notice-and-comment process.

### III.   Conclusion

I would dismiss the *Hamilton* application in the exercise of the Court's discretion, hold, following the *Dunn* approach, that the Court has jurisdiction over the *Burke* and *Bazalo* EAJA applications, and announce a concurrent, prospective amendment of Court Rule 39(b) to reflect the analysis set forth in part II.D., above.