John H. OWENS, Jr., Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 93–1106.

United States Court of Veterans Appeals.

Jan. 24, 1997.

Susan Paczak, Pittsburgh, PA, was on the pleadings for appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Michael A. Leonard, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

KRAMER, Judge, filed the opinion of the Court. STEINBERG, Judge, filed a concurring opinion.

KRAMER, Judge:

This case is before the Court on the appellant's application for an award of reasonable attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary moved to dismiss the appellant's EAJA application, filed within 30 days after the date of the Court's mandate, on the basis that the "appellant has failed to allege in his application that he is an eligible party within the meaning of the

EAJA, nor has he provided any evidence that his net worth does not exceed the sum of $2,000,000," and that, therefore, the Court is without subject-matter jurisdiction to entertain the application. Secretary's Motion to Dismiss at 1; *see* 28 U.S.C. § 2412(d)(1)(B). For the reasons that follow, the Court will deny the Secretary's motion.

## I. RELEVANT BACKGROUND

The appellant, John H. Owens, filed an appeal of an April 8, 1993, decision of the Board of Veterans' Appeals (BVA or Board) denying the appellant service connection for hearing loss in the right ear, tinnitus, a low back disorder, and asthma. On January 23, 1995, the Court granted the parties' joint motion for remand and vacated the underlying BVA decision. On February 21, 1995, the appellant, through counsel, filed an application for attorney fees and costs under the EAJA. Exhibit A of the appellant's application, which is a "Description of Work Performed," shows an entry on November 1, 1993, that references a "Motion and Affidavit to Appeal Without Payment of Costs" (motion). The Court stayed proceedings, en banc, pending a decision in the consolidated cases of *Hamilton v. Brown,* No. 92–1260, *Bazalo v. Brown,* No. 93–660, and *Burke v. Brown,* No. 94–49. Because the Court has now issued its consolidated opinion in *Bazalo v. Brown,* 9 Vet.App. 304 (1996) (en banc), it is appropriate to dissolve the stay and proceed with disposition of the Secretary's motion.

## II. ANALYSIS

■ In *Bazalo,* the Court held that the appellant must submit an EAJA application, within the statutory 30–day filing period, that meets each of the jurisdictional requirements set forth in 28 U.S.C. § 2412(d)(1)(B). *Id.* at 308. "[T]he requirements for a complete, non-defective EAJA application are: (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is eligible for an award; (3) an allegation that the government's position is not substantially justified; and (4) an itemized statement of the fees sought." *Ibid.; see Lematta v. Brown,* 8 Vet.App. 504 (1996). After the

expiration of the 30–day filing period, the appellant may not complete a defective application. *Bazalo,* 9 Vet.App. at 308. Unless all of the jurisdictional requirements are met within the 30–day filing period, the Court cannot consider an EAJA application and award EAJA fees. *Id.* at 306.

■ Because the Secretary's motion addressed only requirement (2) and the Court's review of the appellant's application indicates that it complies with the other three requirements, the Court need address only requirement (2). As a preliminary matter, the Court notes that the appellant's motion is the equivalent of a motion to waive the filing fee under Rule 24 of the Court's Rules of Practice and Procedure, a motion referenced in *Bazalo, supra,* as an in forma pauperis (IFP) motion. Under *Bazalo,* one way to show eligibility is "by stating in the application that the appellant's net worth at the time the appeal was filed did not exceed $2 million." *Id.* at 309. The appellant's EAJA application is silent as to his net worth. Alternatively, under *Bazalo* an appellant may show eligibility by referencing an IFP motion in this Court. *Ibid.* As to how such motion need be referenced, *Bazalo* speaks twice in terms of *filing* an IFP motion ("[h]e neither stated that his net worth did not exceed $2,000,000 nor referenced an IFP filing," *id.* at 311; "eligibility must be shown within the 30–day filing period by . . . referencing an IFP filing," *ibid.*) and once in terms of a *ruling* on such a motion ("in a case where the appellant has filed in forma pauperis . . . , such a showing [of eligibility] may be made simply by referencing the IFP ruling," *id.* at 309).

The initial inquiry is whether the words "filing" and "ruling" have the same meaning. "Filing" involves delivery of a document to a court (*see* BLACK'S LAW DICTIONARY 628 (6th ed. 1990)) whereas "ruling" involves a judicial determination (*see id.* at 1333). Based on these definitions, the Court holds that a filing of a motion constitutes a request for action and a ruling on a motion constitutes the action taken with respect to such request.

■ The question thus becomes whether referencing an IFP motion is sufficient for purposes of showing eligibility or whether an application must reference the action taken

in regard to that IFP motion. The Court holds that the former is sufficient to show eligibility. First, the Court notes that a statement as to net worth by the appellant would have been sufficient. No action would have been required beyond the action of the appellant in so stating. For the alternative method of showing eligibility to be consistent with and parallel to a statement of net worth made by an appellant, it need only be a reference to an alternative action taken by the appellant, i.e., filing a motion, rather than a reference to an action taken by the Court, i.e., issuing a ruling. Second, *Bazalo's* reference to a ruling does not require, on its face, that the ruling be favorable to the appellant. To be able to show eligibility by referencing a denial of an IFP motion is counterintuitive to a process designed to demonstrate that net worth did not exceed $2,000,000 as required under the EAJA. Although it is true that any number of appellants could have sufficient net worth that paying a $50 filing fee would not constitute a "hardship" under 38 U.S.C. § 7262(a), it is also true that few, if any, of these appellants would have a net worth exceeding $2,000,000. Nevertheless, it would make little sense for the Court to adopt a requirement that an applicant could simply reference a ruling without the added requirement of a showing that the ruling was favorable, i.e., that the motion was granted. For these reasons, the Court reads *Bazalo* as referring only to a filing of an IFP motion.

Because Exhibit A of the appellant's application shows an entry on November 1, 1993, that references the motion, such reference is sufficient to show that the appellant is an eligible party under the EAJA. In this regard, the Court notes that the issue here is only what must be included in the EAJA application within the 30–day filing period. The Court could always require further substantiation of an applicant's net worth if the Court believed it was needed, especially were the Secretary to challenge the applicant's showing. *See Bazalo*, 9 Vet.App. at 310 ("Although we concluded that the requirements of EAJA are mandatory in nature, timely pleadings addressing each of the requirements of EAJA may be amended or supplemented as deemed necessary by the Court or by the parties").

## III. CONCLUSION

Because the appellant has shown he is a party eligible for an EAJA award, the Secretary's motion is DENIED, and the Secretary shall, within 30 days after the date of this decision, respond to the appellant's EAJA application. The case will now revert to the single judge for disposition of the EAJA application.

STEINBERG, Judge, concurring:

I join in the excellent opinion of the Court. I wish to add that, in my view, an EAJA applicant should be permitted to amend his or her timely filed application within a reasonable period of time after submitting it as long as the Court does not find prejudice to the Secretary from such an amendment. *See Bazalo*, 9 Vet.App. at 312 (Steinberg, J., concurring in part and dissenting in part). However, the Court's holding that the filing of the IFP motion is sufficient is a wonderful piece of judicial terpsichorean analysis to "clarify" *Bazalo*, an opinion premised on a highly restrictive interpretation of the EAJA and one unfairly applied retroactively to applications which met this Court's EAJA Rule 39(b) when the application was filed. *See Bazalo*, 9 Vet.App. at 311. The result reached by the Court here also follows from the simple fact that filing an IFP motion under Rule 24 of the Court's Rules of Practice and Procedure is, in the Court's practice, essentially the equivalent of being granted a waiver of the $50 filing fee.