David G. BIELBY, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–653.

United States Court of Veterans Appeals.

Feb. 3, 1997.

Before KRAMER, MANKIN,* and IVERS, Judges.

**ORDER**

PER CURIAM.

On June 9, 1995, counsel for the appellant timely filed an application for attorney fees and costs under the Equal Access to Justice Act (EAJA) (appellant's application). *See* 28

---

* Judge Mankin participated in the decision on the merits in this case, but died after the Court

stayed proceedings.

U.S.C. § 2412(d). On December 18, 1996, the Secretary filed an opposed motion for leave to file out-of-time a response to the appellant's application. On the same date, the Secretary filed the response in the form of a motion to dismiss the appellant's application. The Secretary asserts that the appellant failed to indicate he was an eligible party as required by 28 U.S.C. § 2412(d)(1)(B). On January 3, 1997, the appellant filed motions opposing the motions for leave to file and opposing the motion to dismiss (appellant's response).

In *Bazalo v. Brown*, 9 Vet.App. 304 (1996) (en banc), the Court held that an appellant must submit an EAJA application that meets each of the jurisdictional requirements set forth in 28 U.S.C. § 2412(d)(1)(B) within the statutory 30–day filing period. *Bazalo*, 9 Vet.App. at 306. The requirements for a complete, non-defective EAJA application are: (1) a showing that the appellant is a prevailing party; (2) a showing that the appellant is eligible for an award; (3) an allegation that the government's position was not substantially justified; and (4) an itemized statement of the fees sought. *Id.* at 308. After the expiration of the 30–day filing period, an appellant may not complete his defective application. *Id.* at 306, 310. Unless all of the jurisdictional requirements are met within the 30–day filing period, the Court cannot consider an EAJA application and award EAJA fees. *Id.* at 306.

As to item (2), "[a] showing of eligibility may be made by stating in the application that the appellant's net worth at the time the appeal was filed did not exceed $2 million. Alternatively, in a case where the appellant has filed in forma pauperis (IFP), such a showing may be made simply by referencing the IFP ruling." *Id.* at 309.

In this case, the appellant's timely filed EAJA application did not show, in accordance with the requirements set out in the preceding paragraph, that he was a party eligible for an EAJA award. In addition, the appellant's application did not comply with former Rule 39(b)(1) of the Court's Rules of Practice and Procedure, which was in existence at the time such application was filed and required a "statement that the appellant . . . is eligible to receive an award." Such eligibility is based upon the appellant's net worth, a matter never addressed in the appellant's application.

The appellant's response, in essence, avers that the appellant's ad damnum clause on page 15 of the appellant's application, which states that the "appellant is entitled under the EAJA to $83,119.38 ($82,110/fees and $1,009.38/expenses)," is equivalent to a statement of eligibility. However, nothing in the appellant's application references net worth, and, in fact, Section I of the appellant's application, which is titled "Entitlement to Fees and Expenses Under EAJA," addresses only the concepts of prevailing party and substantial justification, neither of which deals with eligibility based on net worth.

On consideration of the foregoing, it is

ORDERED that the motion for leave is granted. It is further

ORDERED that the Secretary's December 18, 1996, motion to dismiss is granted and the appellant's application for attorney fees and expenses is DISMISSED.